SZYMANSKI, APPELLEE, *v.* HALLE'S DEPARTMENT STORE, APPELLANT; DAUGHERTY, ADMR., APPELLEE.

[Cite as Szymanski v. Halle's (1980), 63 Ohio St. 2d 195.]

(No. 79-1567—Decided July 23, 1980.)

Mr. Alan I. Goodman, for appellee Szymanski.

Crede Calhoun Co., L.P.A., and Mr. Crede Calhoun, for appellant.

Mr. William J. Brown, attorney general, and Ms. Deirdre G. Henry, for appellee Administrator, Bureau of Workers' Compensation.

HOLMES, J. This appeal presents the issue of whether disabilities caused solely by emotional stress without contemporaneous physical injury or physical trauma are compensable injuries under Ohio workers' compensation laws. We hold that they are not.

In the early case of *Indus. Comm.* v. *O'Malley* (1931), 124 Ohio St. 401, this court was first presented with the question of whether emotional stress or excitement leading to an employee's death constituted a compensable injury. In that case, the decedent, a night watchman, was on duty when a door was discovered open in the building next to his place of employment. The police arrived to investigate. Shortly there-

after, decedent was found sitting in a chair, in apparent pain. When asked what was the matter, he replied, "the excitement of it all.***Well, I have high blood pressure, get me a doctor or take me to a hospital." Decedent died shortly after his arrival at the hospital.

In denying compensation in *O'Malley,* this court determined that the absence of any physical injury as a contributing factor in the employee's death barred his widow's right to recover on the death claim. This same reasoning was applied over 20 years later in the case of *Toth* v. *Standard Oil Co.* (1953), 160 Ohio St. 1.

In *Toth,* the claimant, a truck driver, was suspected by the police of having been involved in a "hit-skip" accident while in the course of his employment. He was questioned by the police, and submitted to a lie detector test. At the conclusion of the test, he was informed that he was not telling the truth about his noninvolvement in the accident. Six days later, while at home, he suffered a stroke and paralysis of the right side of his body.

This court framed the issue in *Toth,* at page 6, as "whether anxiety and worry connected with the employment constitutes an accidental injury***." The court held that it did not.

In asserting that her disability is a compensable injury, appellee acknowledges this court's holdings in *O'Malley* and *Toth,* but argues that they were legislatively overruled by the 1959 amendment to R. C. 4123.01(A) (128 Ohio Laws 743, 745). We cannot agree.

In 1959, the General Assembly amended R. C. 4123.01(C) to provide that:

" 'Injury' includes any injury, *whether caused by external accidental means or accidental in character and result,* received in the course of, and arising out of, the injured employee's employment." (Emphasis denotes amendment.)

We need not dwell upon the judicial and legislative history culminating in this amendment, for that was explained at length last term in *Czarnecki* v. *Jones & Laughlin Corp.* (1979), 58 Ohio St. 2d 413, 415-20. We need only point out that the 1959 amendment was intended to adopt the test for compensability set forth in *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292, concerning the accidental nature of the injury-

causing incident. *Czarnecki, supra,* at page 419. There is nothing in the legislative history of this amendment which indicates an intention by the General Assembly to compensate for disabilities arising solely from emotional stress.

The *Malone* case itself, upon which the amendment to R. C. 4123.01(C) is based, held, in paragraph one of the syllabus, that:

"*The term 'injury'* as used in the Constitution and in Section 1465-68, General Code (117 Ohio Laws, 109), as amended effective July 10, 1937, *comprehends a physical or traumatic damage or harm,* accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place." (Emphasis added.)

The term "traumatic injury" was defined by this court in *Malone,* at page 302, as:

"[An injury] produced by any sudden violent attack upon the tissues or organs of a living body producing a wound, tear or an abnormal condition thereon or therein. The attack may result from contact with deleterious gases, destructive temperatures or forces of nature."

It is clear that *Malone* did not depart from the reasoning of *O'Malley* that disabilities arising solely from emotional stress are not compensable. Since the 1959 amendment to R. C. 4123.01(C) is, in effect, a codification of the test for compensability set forth in *Malone,* it follows that that amendment does not affect a claimant's right to recover for disabilities arising from purely emotional stress.

We hold that disabilities, such as the one in this cause, which are caused solely by emotional stress without contemporaneous physical injury or physical trauma are not compensable injuries within the meaning of R. C. 4123.01(C).

Appellee contends further that it is a denial of equal protection of the laws to exclude from compensation those disabled employees whose disabilities arise solely from nonphysical and non-traumatic incidents related to their employment. An examination of the record discloses, however, that this issue was neither raised nor briefed in the courts below. The issue is not, therefore, properly before this court. *Republic*

*Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179; *Blausey* v. *Stein* (1980), 61 Ohio St. 2d 264.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, C. J., and LOCHER, J., concur in the judgment.

SWEENEY, J., dissents.

SWEENEY, J. dissenting. From the majority's redefining of the term "injury," I must vigorously dissent.

Today, this court again conducts its periodic exercise in contorting the language of R. C. 4123.01(C). That statute simply and concisely states that " '[i]njury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." It is inconceivable to this writer how the majority can derive from this definition a requirement that the injury must arise from physical contact or physical trauma.

The court's reliance on *Toth* v. *Standard Oil Co.* (1953), 160 Ohio St. 1, is regrettable. Therein, at page 6, the issue was stated to be "whether anxiety and worry connected with the employment constitutes an accidental injury***." Stated thusly, it is not surprising that an erroneous result was reached. It should be clear that the injury in *Toth* was not anxiety, but was rather the resulting stroke; just as here the injury was the heart attack.

The *Toth* opinion has been sharply criticized in a leading treatise on this subject, 1B Larson, Workmen's Compensation Law, Sections 38.65 and 42.21. The author reviews the decisions in this country in which a mental, as opposed to a physical, impact results in a physical injury, and concludes that, except for one instance, the courts uniformly find compensability. Included in this analysis of such decisions, at page 7-593, Section 42.21, is the following observation:

"Against this backdrop, the one *contra* case, the *Toth* case in Ohio, stands out as distinctly out of line. It is odd that Ohio,

with no statutory compulsion to do so (since the statute includes any injury received in the course of and arising out of the employment) insists on reading into the statute a limitation to injuries that are physical or traumatic. Even by Ohio's own terms, however, there is certainly physical injury enough to suit anyone in a cerebral hemorrhage resulting in partial paralysis. The injury must be understood to embrace the total episode from start to finish.''

The prerequisite to compensability of ''contemporaneous physical injury or physical trauma'' is an artificial distinction that is likely to lead to inequitable results. If the co-worker herein had slapped appellee across the face during their argument, the requisite physical contact would presumably exist, and, assuming a causal connection could be established, the resulting heart attack would be a compensable injury. Yet, what logical basis is there for distinguishing this hypothetical from the instant facts? The court in *Insurance Dept. of Miss.* v. *Dinsmore* (1958), 233 Miss. 569, 102 So. 2d 691, realized the irrationality of such a distinction. Therein, a claimant, with preexisting high blood pressure, suffered cerebral thrombosis, brought on by unusual job pressures. As the court noted, at page 579:

''It seems unthinkable that, if hypertension may be aggravated either by physical or mental and emotional exertion, courts should be willing to accept the physical causative, but reject, as not accidental, a disability, proximately resulting from mental and emotional exertion.''

It appears to this writer that the majority's refusal to recognize appellee's heart attack as a compensable injury is based on a fear that a causal relationship cannot be adequately established between the emotional distress and the physical result. If such a fear does exist it should be squarely confronted, rather than dismissed through a convoluted application of the definitional statute.

As stated in my dissent to *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222, 235-36, ''* * *the only proper test in determining the compensability of an injury (and preventing fraudulent claims) is to strictly enforce the * * * test, adopted by the General Assembly in 1937, *i.e.*, whether the injury was received in the course of, and arising out of, the

employment. Thus, if a worker would file a claim due to a[n]***injury received while performing his normal job duties, which duties did not subject him to greater risks or dangers than the public in general, his claim would be non-compensable, since causation between the job duties and the injury could not be established with certainty."

More specifically, with regard to emotional distress cases, I would adopt the test developed by New York courts that, in order for a heart attack or cerebral hemorrhage to be compensable, the claimant must show that it resulted from " 'greater emotional strain or tension than that to which all workers are occasionally subjected.' " *Wilson* v. *Tippetts-Abbott-McCarthy-Stratton* (1964), 22 A.D. 2d 720, 721, 253 N.Y. Supp. 2d 149. See, also, *Santacroce* v. *40 W. 20th St., Inc.* (1961), 10 N.Y. 2d 855, 222 N.Y. Supp. 2d 689.

Thus, rather than joining the majority's desire to again needlessly complicate the legislative definition of an injury, I would affirm the Court of Appeals and remand to the trial court for evidence to be presented on the issue of causation.