THE STATE, EX REL. PEEPLES, APPELLANT, *v.*
FARLEY PAVING CO. ET AL., APPELLEES.

(No. 80-1635—Decided April 29, 1981.)

Mr. *John R. Workman,* for appellant.

Mr. *William J. Brown,* attorney general, and Ms. *Nancy J. Miller,* for appellee Industrial Commission.

*Per Curiam.* This court has held on numerous occasions that mandamus will not lie where there is some evidence to support the findings of the Industrial Commission. See, *e.g., State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128; *State, ex rel. Ruggles,* v. *Stebbins* (1975), 41 Ohio St. 2d 228. There was evidence before the commission to support the finding that the appellant had no psychiatric condition resulting from his earlier industrial injury. Both the report of Dr. Altman, the examining psychiatrist, and the report of Dr. Cordell, the non-examining psychologist, indicate that appellant suffered no psychiatric disability. Therefore, on that issue, the Court of Appeals was correct.

Appellant also contends that the decision of the Court of Appeals must be reversed since the commission has failed to comply with R. C. 4121.38.* That statute went into effect on

---

* R. C. 4121.38 provides:

"(A) The industrial commission shall maintain a medical section under direct commission control to serve both the industrial commission and the bureau of workers' compensation and shall provide for its management.

January 17, 1977, prior to the reports of Drs. Altman and Cordell. The commission had not implemented R. C. 4121.38 at the time of those reports, nor is it certain that the commission has fully complied with that section at the present time. If that is the case, the commission *must* take the necessary steps to carry out the requirements mandated by the General Assembly.

However, regardless of whether the commission has complied with R. C. 4121.38, appellant has not demonstrated that the commission's nonfeasance has acted to his detriment. It remains that there was evidence to support the commission's findings.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

"(B) The medical section shall:

"(1) Implement a program of impairment evaluation training for its staff physicians;

"(2) Issue a manual of commission policy as to impairment evaluation so as to increase consistency of medical reports. This manual shall be available to the public at cost but shall be provided to all physicians who treat claimants or to whom claimants are referred for evaluation;

"(3) Develop a method of peer review of medical reports prepared by the commission referral doctors;

"(4) Assist the administrator to determine eligibility and reasonableness of the compensation payments for medical, hospital, drug, and nursing services. The administrator shall assign sufficient investigators to the medical section to provide control over such expenditure.[;]

"(5) Issue a policy manual as to the basis upon which referrals to other than commission specialists will be made;

"(6) Secure the services of a pharmacist on a full or part-time basis to assist the claims section of the bureau in the review of drug bills.

"(C) The commission shall designate two hearing examiners and two medical staff members who shall be specially trained in medical-legal analysis. The specialists shall write evaluations of medical-legal problems upon assignment by other hearing examiners or the commission. The director of administrative services upon commission advice shall assign such employees to a salary schedule commensurate with expertise required of them.

"(D) The commission shall require that prior to any examination, a physician to whom a claimant is referred for examination receives all necessary medical information in the claim file about the claimant and a complete statement as to the purpose of the examination."

CLIFFORD F. BROWN, J., concurring. It is my view that the "some evidence" test is inadequate in determining whether to grant or deny mandamus relief when findings of the Industrial Commission are challenged, as expressed in my dissent in *State, ex rel. Manley,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 40, page 42.

However, in the present *Peeples* case there is sufficient evidence in the record under any reasonable burden of proof standard to support the Industrial Commission findings denying an increase in percentage of permanent partial disability because of psychiatric problems. For that reason I concur in affirmance.