THE STATE, EX REL. BUCKEYE INTERNATIONAL, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

(No. 81-746—Decided June 16, 1982.)

Messrs. *Bricker & Eckler, Mr. Michael J. Renner* and *Mr. Richard T. Taps,* for appellee.

Mr. *William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellant Industrial Commission.

Mr. *John R. Workman,* for appellant Shipman.

VICTOR, J.  Appellant Shipman argues that no action in mandamus can lie since Buckeye had an adequate remedy by way of appeal. We disagree. Buckeye challenges the order of November 7, 1979. That order being a determination as to the extent of disability only is not appealable. Mandamus is therefore the proper remedy. See *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 280.

Turning now to the merits, the issue is whether the Industrial Commission may lawfully award permanent partial disability benefits for severe anxiety neurosis which is the result of the occupational disease of silicosis and which has not caused the claimant to be totally disabled. We conclude that the commission may not make such an award on the facts presented here.

We begin with the question whether severe anxiety neurosis is either an injury or an occupational disease. R. C. 4123.68 provides in part:

"Every employee who is disabled because of the contraction of an occupational disease as defined in this section * * * is entitled to the compensation provided by sections 4123.55 to 4123.59 and 4123.66 of the Revised Code * * *."

Anxiety neurosis is not specified as an occupational disease under R. C. 4123.68. R. C. 4123.68(BB) does allow compensation for occupational diseases not otherwise delineated in the statute. R. C. 4123.68(BB) reads:

"All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment. * * *"

Nothing of record suggests that Shipman's anxiety neurosis can be classified within R. C. 4123.68(BB). Thus Shipman's neurosis itself is not compensable as an occupational disease.

Nor does anything of record suggest that Shipman's neurosis is itself a compensable injury. See *Szymanski* v. *Halle's* (1980), 63 Ohio St. 2d 195. Hence no award of permanent partial disability can be made on that basis.

Accordingly, compensation for the anxiety neurosis can only be predicated upon Shipman's silicosis. Silicosis is an occupational disease. R. C. 4123.68(X). However, compensation to an employee who has contracted an occupational disease is "subject to the modifications relating to occupational diseases contained in Chapter 4123 of the Revised Code." R. C. 4123.68. R. C. 4123.68(Y), applicable to silicosis, provides in part:

"Compensation and medical, hospital, and nursing expenses on account of silicosis * * * are payable only in the event of temporary total disability, permanent total disability, or death, in accordance with sections 4123.56, 4123.58, and 4123.59 of the Revised Code. * * *"

Thus the commission lacks authority to award permanent partial disability benefits for silicosis. *State, ex rel. Superior Foundry Inc.,* v. *Indus. Comm.* (1959), 168 Ohio St. 537, 541; and *State, ex rel. Bevis,* v. *Blake* (1953), 159 Ohio St. 491.

Appellants contend that the commission had the authority to make the award pursuant to R. C. 4123.57(B) which pertains to partial disability compensation and which provides in part:

"The district hearing officer, upon such application, shall determine the percentage of the employee's permanent disability * * * based upon the condition of the employee

resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable. * * *"

The argument is that the award was granted for the condition of anxiety neurosis resulting from the occupational disease of silicosis, not for the silicosis itself, and that no specific statutory authority prohibits such an award. We do not agree that R. C. 4123.57(B) may be so employed. Because of R. C. 4123.68(Y), no award for partial disability could have been made to Shipman on account of the silicosis. R. C. 4123.68(Y) must be read in conjunction with R. C. 4123.57(B) and when so read limits its operation. Hence, there is no compensable occupational disease to form the foundation of an award under R. C. 4123.57(B).

This same rationale refutes the additional argument by Shipman that R. C. 4123.52 is authority for the award. That section pertains to the continuing jurisdiction of the commission over cases. Here, the argument is that the anxiety neurosis developed subsequent to the silicosis and is distinct from it. Even assuming this to be true, Shipman's neurosis could only be compensable on account of a compensable disability which, by operation of R. C. 4123.68(Y), Shipman did not have.

We, therefore, conclude that the neurosis disability must be considered a part of the silicosis claim and an award of permanent partial disability benefits is prohibited by R. C. 4123.68(Y).

Shipman also claims that R. C. 4123.68(Y) violates principles of equal protection. We reject this claim as the classification was upheld in *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

STEPHENSON, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

SWEENEY, Acting C. J., and C. BROWN, JJ., dissent.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C. J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.

CLIFFORD F. BROWN, J., dissenting. The Industrial Commission has the power to award permanent partial disability benefits for a severe anxiety neurosis which in combination with silicosis "caused claimant to become totally disabled," as determined by the Staff Hearing Officer of the Industrial Commission. Therefore, the allowance of a writ of mandamus by the Court of Appeals vacating the permanent partial disability award is contrary to law.

While it is clear that the General Assembly, by enacting R. C. 4123.68(Y), intended that silicosis contracted in the workplace be compensable only when creating total disability or causing death, claimant here suffers from an occupational disease *in addition to* silicosis. A careful reading of the Staff Hearing Officer's order indicates that he did not make an award based upon the silicosis condition, but awarded benefits for permanent partial disability based solely on severe anxiety neurosis, which condition occurred as a result of the silicosis.

This court has previously recognized the power of the commission to award benefits for psychiatric disabilities resulting from previously allowed injuries. *State, ex rel. Peeples,* v. *Farley Paving Co.* (1981), 66 Ohio St. 2d 106; *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166; *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386. The issue here is whether the commission has a similar power in the case of psychiatric disabilities such as severe anxiety neurosis resulting from previously allowed *occupational diseases.* Given the general grant of continuing jurisdiction in the commission to modify or change former findings or orders with respect to occupational disabilities expressed in R. C. 4123.52,[1] and finding no logical reason to distinguish between previously allowed injuries and diseases, the correct conclusion is that the power

---

[1] R. C. 4123.52, in pertinent part, provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *"

This language statutorily grants to the commission wide discretion to change earlier orders pertaining to claimant's silicosis and the additional neurosis flowing therefrom.

to award benefits for disabilities arising from previously allowed occupational diseases does exist, and that the commission properly exercised that power in this case.

The Shipman permanent partial disability award was not for silicosis since such awards are not permitted under R. C. 4123.68(Y). It was for anxiety neurosis, a separate condition, compensable under divisions (A) and (B) of R. C. 4123.57,[2] since it arose as a result of the occupational disease of silicosis. Such compensability is further justified by the continuing jurisdiction power granted to the Industrial Commission under R. C. 4123.52 as already discussed.

This court today construes R. C. 4123.68(Y) too narrowly. It failed to consider other provisions in R. C. Chapter 4123 *in pari materia* with R. C. 4123.68(Y).

To construe the language in R. C. 4123.68(Y) to limit "compensation * * * on account of silicosis" and deny awards on account of psychiatric disability resulting from silicosis, constitutes a failure to follow the mandate to liberally construe all workers' compensation laws in favor of the employees and the dependents of deceased employees. See R. C. 4123.95. Neither law nor logic support this narrow view taken of the compensability of claimant's disability.

Lastly, *Szymanski* v. *Halle's* (1980), 63 Ohio St. 2d 195, has been cited as supporting the Court of Appeals' conclusion that Shipman's neurosis is not a compensable injury. *Szymanski* has been misapplied. It held that emotional distress without *contemporaneous* physical trauma is not a compen-

---

[2] "Partial disability compensation shall be paid as follows, provided, that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:

"(A) In case of injury or occupational disease resulting in partial disability other than those exclusively provided for under division (C) of this section, the employee shall receive per week sixty-six and two-thirds per cent of the impairment of his earning capacity *which results from the injury or occupational disease* during the continuance thereof, * * *." (Emphasis added.)

Division (A) of R. C. 4123.57, as excerpted, harmonizes with the following language in division (B) of that statute:

"The district hearing officer, upon such application, shall determine the percentage of the employee's permanent disability, * * * *based upon that condition of the employee resulting from the injury or occupational disease* and causing permanent impairment * * *." (Emphasis added.)

sable injury. Here, we have an anxiety neurosis arising from a disease contracted *previously*. Accordingly, I dissent.

SWEENEY, Acting C. J., concurs in the foregoing dissenting opinion.