THE STATE, EX REL. QUESTOR CORPORATION, EVENFLO
DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLEE, ET. AL.

(No. 81-1228—Decided June 23, 1982.)

*Messrs. Schwartz, Einhart & Simerka* and *Mr. Gregory P. Szuter,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Bradley J. Finn,* for appellee.

*Per Curiam.* Appellant contends that Dr. Erwin's opinion was based upon a consideration of conditions not allowed in the claim, and thus, cannot constitute evidence to support the order of the commission. This contention is not supported by Dr. Erwin's report. While the report indicates that Dr. Erwin recognized the existence of unrelated disabilities, it also contains a finding that those disabilities were unrelated to the industrial injury. Dr. Erwin concluded that the claimant had a permanent partial disability of 14 percent "for the allowed injuries in this claim."

It is well-established that " '* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion.' " *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 447; quoting from *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. Such an abuse of discretion is shown only where there is no evidence upon which the commission could have based its factual conclusion. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 167. We find that the report of Dr. Erwin is evidence to support the commission's finding.

Appellant also argues that it was an abuse of discretion for the commission to rely on the report of Dr. Erwin because it was inconsistent with the report of Dr. Dominic, another

Medical Section examiner. In support, it relies on R. C. 4121.38(B), which provides, in part:

"The medical section shall:

"(1) Implement a program of impairment evaluation training for its staff physicians;

(2) Issue a manual of commission policy as to impairment evaluation so as to increase consistency of medical reports. This manual shall be available to the public at cost but shall be provided to all physicians who treat claimants or to whom claimants are referred for evaluation; * * *"

While the purpose of this section is to encourage consistency in medical reports and evaluations, and this court has recognized the commission's duty to carry out its provisions (*State, ex rel. Peeples,* v. *Farley Paving Co.* (1981), 66 Ohio St. 2d 106, 108), R. C. 4121.38(B) does not require the result urged by appellant. Just as in *State, ex rel. Peeples, supra,* "[i]t remains that there was evidence to support the commission's findings" in the case at bar.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

CLIFFORD F. BROWN, J., concurring. I concur in the judgment affirming the Court of Appeals' denial of a writ of mandamus. There was reliable, probative and substantial evidence in accordance with the law to support the commission finding and determination that claimant had a permanent partial disability of 14 percent.

There was no evidence on which the commission may rely other than the report of Dr. Erwin finding a permanent partial disability of 14 percent. Our affirmance of the commission finding and the Court of Appeals' decision not to disturb such finding need not rest upon the shaky "some evidence" test. See my concurrence in *State, ex rel. Ohio Precision Castings,* v. *Bohman* (1982), 69 Ohio St. 2d 391, 395, and my dissent in *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 170. Since the majority opinion implicitly endorses the "some evidence" tautology, without using that meaningless phrase, I concur in the judgment only.