[THE STATE, EX REL.] MEEKS, APPELLANT, v.
OHIO BRASS COMPANY, APPELLEE, ET AL.

[Cite as Meeks v. Ohio Brass Co. (1984), 10 Ohio St. 3d 147.]

(No. 83-671—Decided April 25, 1984.)

*Mr. Michael J. Muldoon,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Bradley J. Finn,* for appellee.

*Per Curiam.* When the factual findings of the Industrial Commission are supported by some evidence in the record, this court will not disturb those findings. *State, ex rel. Rossetti,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 230, 232; *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 397 [23 O.O.3d 358]; *State, ex rel. G. F. Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 447 [20 O.O.3d 379].

Relator-appellant asserts that there was no evidence before the commission upon which it could have based its determination that he had a fifteen percent permanent partial disability. It is appellant's contention that the report of Dr. Kackley cannot be relied upon by the commission, because it addresses only the question of appellant's physical impairment and not his disability.

Appellant is correct in noting that the terms "impairment" and "disability," as applied by the Industrial Commission, are not synonymous. The Medical Examination Manual issued by the commission defines the terms, on pages 1 and 2, as follows:

" 'Impairment' is a medical term measuring the amount of the claimant's anatomical and/or mental loss of function as a result of the allowed injury/occupational disease. The examining physician evaluates impairment.

" 'Disability' is a legal term indicating the effect that the medical impairment has on the claimant's ability to work. Disability is determined by the Industrial Commission and its hearing officers."

In medical reports, however, these terms are not always used with precision. Dr. Kackley's report in the instant case is phrased in terms of "impairment," but it is apparent that his conclusions were based upon considerations relevant to a determination of disability. Dr. Kackley noted in his report that appellant was "carrying out full normal work activity without significant difficulty." He also stated that there was "no medical evidence to support an increase in PPI beyond the 15% he has already been awarded." This statement logically can refer only to appellant's previous award of permanent partial *disability*.

Though Dr. Kackley used imprecise terminology in his report, it is apparent that he expressed an opinion as to appellant's disability; and his report is sufficient evidence to support the commission's determination in this case.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., concurs separately.

CLIFFORD F. BROWN, J., concurring. I concur in the judgment of this court and the analysis of the facts which results in affirmance of the court of appeals' denial of a writ of mandamus to relator. Our decision properly causes the Industrial Commission's award of fifteen percent permanent partial disability to stand undisturbed.

The award by the commission is based upon credible, reliable evidence. Thus, we do not need the crutch of the "some evidence" rule, *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358], as set forth in the second sentence of the *per curiam* opinion to support the commission award and the court of appeals' decision in accord therewith. I have often asserted that the "some evidence" standard should be rejected because it is a meaningless rubberstamp used to validate unjust decisions of the Industrial Commission and is an abdication of the judicial function to the commission. *State, ex rel. Allerton,* v. *Indus. Comm., supra,* dissenting opinion at page 400. Instead we should adopt a rule of meaningful judicial review of commission awards, in harmony with the standards of judicial review of other administrative agency decisions, as explained in *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400], dissenting opinion at page 174. That rule should be as follows:

"Where the record before the Industrial Commission contains reliable,

probative and substantial evidence in accordance with the law to support a factual finding and determination that a relator is disabled to the extent determined by the commission, the relator will not be afforded relief in an action for mandamus to obtain an award greater than that determined by the commission."

For further analysis and criticism of the some evidence rule, see, also, *State, ex rel. Paragon, v. Indus. Comm.* (1983), 5 Ohio St. 3d 72, concurring opinion at page 77; *State, ex rel. Taylor, v. Indus. Comm.* (1983), 5 Ohio St. 3d 212, concurring opinion at page 213; *State, ex rel. GF Business Equipment Inc., v. Indus. Comm.* (1982), 2 Ohio St. 3d 86, concurring opinion at page 88; *State, ex rel. Kilburn, v. Indus. Comm.* (1982), 1 Ohio St. 3d 103, dissenting opinion at page 106; *State, ex rel. Questor Corp., v. Indus. Comm.* (1982), 70 Ohio St. 2d 240 [24 O.O.3d 334], concurring opinion at page 242; *State, ex rel. Ohio Precision Castings, v. Bohman* (1982), 69 Ohio St. 2d 391 [23 O.O.3d 256], concurring opinion at page 395; *State, ex rel. Peeples, v. Farley Paving Co.* (1981), 66 Ohio St. 2d 106 [20 O.O.3d 96], concurring opinion at page 109; *State, ex rel. Manley, v. Indus. Comm.* (1981), 66 Ohio St. 2d 40 [20 O.O.3d 25], dissenting opinion at pages 43-44.