THE STATE, EX REL. SWAN, APPELLANT, *v.* MIDLAND INDUSTRIAL ELECTRIC COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Swan, *v.* Midland Indus. Elec. Co. (1988), 36 Ohio St. 3d 53.]

(No. 87-251—Decided April 6, 1988.)

*Per Curiam.* The issue before us is whether the order of the commission satisfies the standards set forth by this court regarding a determination of whether a claimant is entitled to permanent and total disability compensation. We have held that:

"* * * [T]he determination of permanent total disability, and whether or not the claimant could return to any other remunerative employment, is an ultimate finding, totally within the province of the commission. We hold it to be necessary that the commission look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability.

"Perhaps these factors were considered by the commission, but because we find no indication in the commission's order that such factors were considered by the commission in reaching its decision on the percentage of permanent total disability of appellee, see *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 543 N.E. 2d 721, we reverse the judgment of the court of appeals and remand this cause to the commission for consideration of said factors, if previous consideration had not been given, and an amended order stating the commission's findings after such consideration." *State, ex. rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio

*Michael J. Muldoon,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Merl H. Wayman,* for appellee.

St. 3d 167, 172-173, 31 OBR 369, 374-375, 509 N.E. 2d 946, 951.

In its order denying appellant permanent and total disability compensation, the commission stated:

"That the Commission further find[s] that claimant is not permanently and totally disabled; that therefore the Application is denied.

"The finding and award is based on the following medical reports: Drs. Brown and Dillahunt, and the evidence in the file and/or the evidence adduced at the hearing."

The order of the commission denying appellant permanent and total disability compensation does not satisfy the requirements set forth in *State, ex rel. Stephenson, supra.*

Accordingly, we reverse the judgment of the court of appeals and remand this cause to the commission for consideration of appellant's age, education, work record, and other factors, such as physical, psychological, and sociological. The commission shall issue an amended order identifying which of the above *Stephenson* factors were considered and its findings after such consideration.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.