THE STATE, EX REL. MILLER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO; GATX, APPELLEE.

[Cite as State, ex rel. Miller, *v.* Indus. Comm. (1988), 36 Ohio St. 3d 58.]

(No. 86-1812—Decided April 6, 1988.)

*Elliott, Heller & Maas, Rush E. Elliott* and *Carol L. Pappas,* for appellant.

*David P. Rieser* and *Dennis C. Belli,* for appellee.

*Per Curiam.* In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, this court established that an employee is entitled to receive temporary total disability compensation when injured and unable to work until such time as one of the following occurs: (1) the employee has returned to

work, (2) the employee's treating physician has made a written statement that the employee is capable of returning to the former position of employment, or (3) the temporary disability has become permanent. In the instant case, neither the first nor the second requirement for terminating temporary total disability compensation was satisfied. However, the court of appeals determined that the disability had become permanent and therefore appellant was no longer entitled to receive temporary total disability compensation. We agree with this determination.

Appellant has the burden of demonstrating that he has a clear legal right to a writ of mandamus as a remedy from a determination of the Industrial Commission. *State, ex rel. Kroger Co.,* v. *Stover* (1987), 31 Ohio St. 3d 229, 31 OBR 436, 510 N.E. 2d 356.

In a report to the commission, dated November 11, 1981, appellant's treating physician, Dr. Roy E. Kerry, listed appellant's prognosis as, "[p]ermanent sensitivity to chemicals." In a second report, dated April 8, 1982, Dr. Kerry stated that "[p]atient should be evaluated for rehabilitation in a field of work involving no exposure to petroleum products or other toxic chemicals * * *. * * * [B]rief exposures to petroleum and other chemicals produce immediate recurrence of his total symptom complex which is disabling."

In a specialist's report submitted to the commission, Dr. Alan E. Kravitz stated that:

"Should * * * [appellant] return to the similar work, such occupational disease will again manifest itself * * *. There is 100% disability *during the exposure.*" (Emphasis *sic.*)

Dr. Kravitz classified the appellant's injury as a transient occupational disease due to work exposure.

In a letter to the commission dated February 14, 1983, Dr. Kerry stated that:

"'* * * [Appellant] will develop allergic symptoms from the brief exposures. * * * [T]he patient must avoid exposures to prevent precipitating severe reactions. * * * His occupational potential, therefore, is severly [*sic*] limited to occupations in which the environment has minimal to no exposures to volatile chemicals of any type."

Appellant urges that he is entitled to continued temporary total disability compensation because there was not some evidence that he was capable of returning to his former position of employment. He urges that the court of appeals' determination that there was evidence that his condition had become permanent was not supported by any factual determination of the Industrial Commission and therefore the court of appeals abused its discretion and went beyond its authorized scope of review on appeal.

In defining whether a condition has become permanent, this court has held that a permanent condition is one that will, "'* * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom." *Logsdon* v. *Indus. Comm.* (1944), 143 Ohio St. 508, 28 O.O. 429, 57 N.E. 2d 75, paragraph two of the syllabus; *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 25 OBR 26, 494 N.E. 2d 1125.

A review of all the medical reports before the commission clearly indicates that appellant could not return to the work environment. The court of appeals correctly noted that in order for a writ of mandamus to issue, it was necessary and incumbent upon relator to demonstrate a clear legal right to the writ. Because all the medical evidence indicated that appellant's

condition had become permanent, appellant failed to sustain this burden. Accordingly, the Industrial Commission properly denied appellant's request for further temporary total disability compensation, notwithstanding that permanency was not the basis for its determination.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.

SWEENEY and DOUGLAS, JJ., dissent.