U.S. STEEL CORPORATION, Appellant,

v.

INDUSTRIAL COMMISSION OF OHIO et al., Appellees.

[Cite as *U.S. Steel Corp. v. Indus. Comm.* (1989), 62 Ohio App.3d 350.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–454.

Decided Feb. 21, 1989.

*Hugh W. Nelson,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Dennis L. Hufstader,* for appellee Industrial Commission of Ohio.

*Martin J. Sammon,* for appellee Wylman Johnson.

REILLY, Judge.

Relator, U.S. Steel Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order awarding respondent, Wylman Johnson ("claimant"), temporary total disability compensation from July 27, 1982 through September 1, 1985 and through the present, and to issue an order denying said compensation pursuant to R.C. 4123.68.

Relator asserts the following assignment of error:

"Whether the Respondent, The Industrial Commission of Ohio, abused its discretion by ordering Relator, U.S. Steel Corporation, to pay to Respondent, Wylman Johnson, temporary total compensation from July 27, 1982 through the present date."

Claimant filed a workers' compensation claim for the occupational disease of silicosis on December 13, 1982. Dr. A. DiMarco examined him on April 14, 1985 and found that claimant had contracted silicosis due to his employment, and stated that sixty percent of claimant's impairment was attributable to silicosis and the remaining forty percent of impairment was related to non-industrial diseases.

The district hearing officer allowed the claim for silicosis but disallowed it for lung cancer. The district hearing officer awarded temporary total disability compensation from July 27, 1982 through September 1, 1985 and further

upon proof of continued temporary total disability from Dr. Callinan. The hearing officer's award was based upon the report of Dr. DiMarco.

Relator appealed to the Cleveland Regional Board of Review which, on October 30, 1985, affirmed the district hearing officer's order of September 20, 1984. Subsequently, the commission denied relator's appeal by order dated February 6, 1986 and affirmed the order of the Cleveland Regional Board of Review.

Thereafter, relator filed its petition for a writ of mandamus in the Franklin County Court of Common Pleas. In a decision rendered November 19, 1987, the court denied the writ and stated:

" * * * The Court upon review of the exhibits presented and the arguments of counsel finds that relator has failed to prove that the Commission breached the clear legal duty incumbent upon them by statute. * * * "

 The trial court also overruled relator's motion for reconsideration of the November 19, 1987 decision.

 A writ of mandamus as a remedy from a determination of the Industrial Commission requires that relator show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which was not supported by any evidence in the record. Conversely, where the record contains some evidence to support the commission's finding, there has been no abuse of discretion and mandamus is not appropriate.

Relator does not dispute that, based upon the allowed condition of silicosis, claimant's disability prevents him from returning to his former position of employment. *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586.

"In *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, this court established that an employee is entitled to receive temporary total disability compensation when injured and unable to work until such time as one of the following occurs: (1) the employee has returned to work, (2) the employee's treating physician has made a written statement that the employee is capable of returning to the former position of employment, or (3) the temporary disability has become permanent. In the instant case, neither the first nor the second requirement for terminating temporary total disability compensation was satisfied. * * * " *State, ex rel. Miller, v. Indus. Comm.* (1988), 36 Ohio St.3d 58, 58–59, 521 N.E.2d 775, 776–777.

Nonetheless, relator contends that the commission abused its discretion since it is relator's position that the *Ramirez* doctrine is inapplicable to silicosis claims brought under R.C. 4123.68(Y). That statutory provision provides in pertinent part: "Compensation on account of silicosis * * * [is] payable only in the event of temporary total disability, permanent total disability, or death * * *." Accordingly, pursuant to R.C. 4123.68(Y), an award of compensation on account of silicosis is predicated on total disability—either temporary or permanent—or death. Relator, however, relies upon *State, ex rel. Lewis, v. Diamond Foundry Co.* (1987), 29 Ohio St.3d 56, 29 OBR 438, 505 N.E.2d 962, for the proposition that an award of temporary total disability compensation must be predicated upon medical evidence indicating that the claimant is totally disabled. See, also, *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 529 N.E.2d 1255.

In *Lewis,* the claimant sought temporary total disability compensation based upon the occupational disease of silicosis. The commission ultimately denied the claim. On mandamus, the claimant contended that all of the evidence indicated that he was unable to return to his former position of employment and that therefore he was temporarily, totally disabled. The Supreme Court held that there was some evidence to support the commission's finding based upon the medical report of Dr. Mario Brezler, who stated that claimant was neither partially nor totally disabled from silicosis. The court in *Lewis* stated:

" * * * There can be no doubt that Dr. Brezler's finding of neither partial nor total disability related to appellant's *ability to return to his former position of employment.* * * * " (Emphasis added.) *Id.,* 29 Ohio St.3d at 57, 29 OBR at 440, 505 N.E.2d at 964.

The court in *Lewis* did not employ the test for recovery of permanent total disability (inability to perform any sustained remunerative employment), but rather implicitly employed *Ramirez* (inability to return to former position of employment). The claim was denied because the claimant could not demonstrate that the allowed condition of silicosis prevented him from returning to his former position of employment. It is significant that the *Lewis* opinion does not indicate that the *Ramirez* doctrine is inapplicable to silicosis claims brought under R.C. 4123.68(Y). It appears that relator has confused the term total disability as synonymous with permanent total disability. Total disability, however, includes both temporary and permanent disability. Relator's construction of the statute would improperly give no effect to compensation on account of silicosis payable in the event of temporary total disability. R.C. 4123.68(Y).

Thus, for the foregoing reasons, the *Lewis* case does not hold that a claimant must be permanently and totally disabled for there to be an award of

temporary total disability compensation under R.C. 4123.68(Y). Moreover, the *Ramirez* doctrine is equally applicable to an award of temporary total disability compensation under that statute. There is no statutory or common law basis for interpreting temporary total disability as set forth in R.C. 4123.68(Y) any differently than as provided for under R.C. 4123.57(D).

The final issue addressed in *Lewis* involves a constitutional challenge to R.C. 4123.68(Y) on equal protection grounds. The same argument was raised and rejected in *State, ex rel. Buckeye Intl., Inc., v. Indus. Comm.* (1982), 70 Ohio St.2d 200, 24 O.O.3d 294, 436 N.E.2d 533. In *Buckeye*, the claimant challenged that R.C. 4123.68(Y) violated principles of equal protection because, unlike R.C. 4123.57(D) which provides for partial disability compensation, R.C. 4123.68(Y) does not provide for such an award. The court in *Buckeye* upheld the classification on the basis that " * * * [t]he provisions of R.C. 4123.68(Y) and 4123.57(D) demonstrate rational bases for affording employees compensation and medical benefits for differing degrees of disability resulting from the occupational disease of silicosis." *Lewis, supra,* 29 Ohio St.3d at 58, 29 OBR at 441, 505 N.E.2d at 965.

Therefore, since the report of Dr. DiMarco constitutes some medical evidence to support the commission's award, relator has failed to demonstrate a clear legal right to the relief requested, a requirement for the grant of a writ of mandamus.

Relator's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and WIEST, JJ., concur.

MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.