THE STATE, EX REL. HUNTLEY, APPELLEE, *v.* INTERLAKE STEEL CORPORATION, APPELLANT, ET AL.

[Cite as State, ex rel. Huntley, *v.* Interlake Steel Corp. (1989), 42 Ohio St. 3d 168.]

(No. 88-607—Submitted March 7, 1989—Decided May 10, 1989.)

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *William R. Menacher,* for appellee.

*Fuller & Henry* and *Richard S. Baker,* for appellant.

*Per Curiam.* *State, ex rel. Stephenson,* v. *Indus. Comm., supra,* in addressing permanent total disability determinations, held that "* * * [t]he commission must also review any evidence relative to the claimant's age, education, work record, psychological or psychiatric factors if present, and that of a sociological nature." *Id.* at 170, 31 OBR at 372, 509 N.E. 2d at 950. In so holding, it reiterated a fundamental concept first stated in *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 10 OBR 482, 462 N.E. 2d 389, that "disability" determinations rest exclusively with the commission. *Stephenson* additionally remanded a commission order that failed to indicate that these factors were considered.

The commission order currently at issue did not expressly indicate consideration of nonmedical factors. Appellant argues that because Dr. James'

report referred to several nonmedical disability factors, the commission implicitly considered those factors by relying on that report. We find this contention unpersuasive.

Appellant's proposition erroneously presumes that implicit consideration is acceptable under *Stephenson.* The decision's language, however, suggests that its purpose, in large part, was to eliminate speculation as to whether the commission examined these factors. As stated therein:

"Perhaps these factors were considered by the commission, but because we find no indication in the commission's order that such factors were considered by the commission in reaching its decision on the percentage of permanent total disability of appellee * * * we * * * remand this cause to the commission for consideration of said factors, if previous consideration had not been given, and an amended order stating the commission's findings after such consideration." *Id.* at 173, 31 OBR at 374, 509 N.E. 2d at 951.

Moreover, our recent decisions in *State, ex rel. Swan,* v. *Midland Indus. Elec. Co.* (1988), 36 Ohio St. 3d 53, 521 N.E. 2d 787, and *State, ex rel. Adkins,* v. *Spears* (1988), 36 Ohio St. 3d 54, 521 N.E. 2d 788, interpreted a *Stephenson* remand as requiring "an amended order *identifying* which of the above *Stephenson* factors were considered in its findings after such consideration." (Emphasis added.) *Swan, supra,* at 54, 521 N.E. 2d at 788. *State, ex rel. Lawrence,* v. *American Lubricants Co.* (1988), 40 Ohio St. 3d 321, 322, 533 N.E. 2d 344, 346, determined that "the commission erred in failing to consider, or to *state* whether it considered, nonmedical disability factors." (Emphasis added.) *State, ex rel. Bouchonville,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 50, 52, 521 N.E. 2d 773, 775,

which mandated consideration of *Stephenson* factors in permanent partial disability cases, interpreted *Stephenson* as follows: "An exhaustive discussion is not required; it is enough that there is an indication that the commission considered such factors."

Appellant is correct in noting that the commission alone is responsible for evaluating the weight and credibility of the evidence before it. However, appellant's allegation that *Stephenson* is irreconcilable with the "some evidence" requirement of *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936, is without merit. Appellant's argument is wrongly premised on the belief that Dr. James' opinion as to disability, since it arguably encompassed consideration of age, education, etc., is "some evidence" supporting the commission's decision. Appellant ignores that the determination of "disability" rests exclusively with the commission. Dr. James' opinion as to disability is thus without evidentiary value. *Stephenson* and *Burley* are not mutually exclusive—both must be complied with in dealing with permanent total disability determinations.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.