DUNN, Appellant,

v.

MAYFIELD, Admr., et al., Appellees.

[Cite as *Dunn v. Mayfield* (1990), 66 Ohio App.3d 336.]

Court of Appeals of Ohio,
Scioto County.

No. 88-CA-1773.

Decided March 12, 1990.

*Chester T. Freeman Co., L.P.A.,* and *William R. Polhamus,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Merl H. Wayman,* Assistant Attorney General, for appellees.

HARSHA, Judge.

Plaintiff-appellant, William Dunn, appeals from the trial court's granting of summary judgment in favor of defendants-appellees. Appellant advances two assignments of error:

"I. The trial court erred in granting defendants-appellees' motion for summary judgment in ruling that plaintiff-appellant was raising new conditions on his court appeal in his workers' compensation claim as no new issues or conditions are being raised on appeal.

"II. The trial court erred in granting defendants-appellees' motion for summary judgment when the court ruled that plaintiff-appellant's workers' compensation claim should be denied because plaintiff-appellant did not have a compensable injury for his mental and emotional injuries."

On October 14, 1985, appellant was employed by the Southern Ohio Correctional Facility as a correctional officer. On that date, appellant and another guard were taken hostage by four inmates. In December 1985, appellant filed two claim applications with the Bureau of Workers' Compensation requesting compensation for the following injuries, respectively: "ANXIETY STATE (NERVOUS CONDITION) (Post Traumatic Stress Disorder Acute)" and "POST TRAUMATIC STRESS DISORDER ACUTE."

A Bureau of Workers' Compensation investigator obtained an affidavit from appellant which was typed March 6, 1986 and filed with the Industrial Commission of Ohio. Contained in the affidavit were allegations that the inmates had discharged two fire extinguishers under the door of the bathroom in which appellant had locked himself. The contents of the extinguishers caused appellant to choke and his lungs to burn. After being forced out of the bathroom, appellant was shoved, handcuffed and jerked around by the inmates. In his affidavit, appellant states that as a result of this incident he experienced elevated blood pressure and cuts on his fingers, as well as burning lungs and choking.

Following the bureau's investigation, the claims were scheduled for a district hearing on April 8, 1986. Although no transcript was made, appellant's affidavit was filed with the commission and, therefore, became part of the record before the district hearing officer. The district hearing officer put on an interim order wherein he stated the claim would be held open for thirty

days "to give the claimant an opportunity to submit additional medical evidence that he suffered physical injuries in the 10/14/85 hostage incident." Ultimately, the claim was disallowed on May 27, 1986 for failure to submit the requested evidence in a timely manner.

The matter proceeded to the Columbus Regional Board of Review, which upheld the district hearing officer's finding. The matter was appealed to the staff hearing officers of the commission where the appeal was denied again. Appellant then filed a notice of appeal to the Scioto County Court of Common Pleas pursuant to R.C. 4123.519. At this level, appellees filed a motion for summary judgment on the grounds that appellant's complaint failed to state a claim upon which relief can be granted and that the trial court lacked subject matter jurisdiction.

In support of the motion, appellees characterized appellant's original claim before the Industrial Commission as being one involving a mental disability caused by an emotional stimulus, *i.e.*, no physical injury or stimulus being involved. Because Ohio does not recognize mental disability caused solely by an emotional stimulus as being compensable, appellees argued that the complaint failed to state a claim upon which relief could be granted. Appellees further argued that appellant was attempting to raise new conditions before the common pleas court, by alleging a contemporaneous physical injury, and that the trial court was without jurisdiction to consider these new "claims." The trial court granted the motion for summary judgment finding that the appellant was indeed attempting to assert new conditions not raised in the administrative proceedings and was barred from doing so. Furthermore, the trial court held that appellant's claim was for a mental disability caused solely by an emotional stress, and accordingly was not compensable under Ohio law.

In his first assignment of error, appellant contends that summary judgment was not properly granted in that he was not raising new conditions in his appeal to the common pleas court. A reviewing court is obligated to examine the record on appeal in a light most favorable to the party opposing summary judgment. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924; *Watson v. Toledo Labor Service* (1988), 46 Ohio App.3d 141, 546 N.E.2d 424. With that standard in mind, we agree that the trial court erred in finding that appellant was attempting to raise new claims.

After reviewing the court's record, which includes documents filed with the commission, we find that appellant has not asserted new conditions on appeal which were not presented previously to the commission. There is evidence that appellant initially asserted contemporaneous physical injury when he filed

his claims for "post traumatic stress disorder acute" with the commission, as well as when he filed his complaint with the Scioto County Court of Common Pleas. In appellant's affidavit filed with the commission, he specifically alleges such contemporaneous physical injuries as choking, cuts, bruises, and elevated blood pressure. These are the identical conditions which appellant has asserted in his complaint to the trial court. Further, the district hearing officer's entry filed May 27, 1986, granted appellant permission to file *"additional medical evidence that he suffered physical injuries * * *."* (Emphasis added.) The language of the order indicates that at least some evidence of physical injury had been proffered by appellant at the district hearing level. Clearly, based upon the affidavit on file and the district hearing officer's entry, the issue of contemporaneous physical injury was raised by appellant at the district hearing level.

Appellees cite several unreported cases standing for the proposition that a plaintiff cannot raise new conditions on appeal to the common pleas court that were not submitted previously to the Industrial Commission. These cases are inapposite. In *Williams v. Timken Co.* (Oct. 1, 1984), Stark App. No. CA–6346, unreported, 1984 WL 3906, the court of appeals would not permit plaintiff to amend his complaint to include the injury of "pain in the left shoulder and neck" when the claim before the Industrial Commission was for "muscle strain of neck and left shoulder." In *Grant v. Glidden Coating & Resins, Div. of SCM Corp.* (Aug. 23, 1985), Erie App. No. E–84–53, unreported, 1985 WL 9355, the court of appeals refused to permit plaintiff to amend his claim to "partial rupture of the cervical disc" when the only claim before the Industrial Commission was "cervical strain."

In the case at hand, appellant has filed a claim with the commission for "post traumatic stress disorder acute." On appeal to Scioto County Court of Common Pleas, appellant requested allowance for the condition of "post traumatic stress disorder acute." Appellant is seeking allowance for the exact condition at the common pleas level as he did at the Industrial Commission level. He is not seeking allowance for the cuts, bruises, burning or elevated blood pressure which he alleged as contemporaneous physical injury or physical trauma. Clearly, the above-cited unreported cases are inapplicable.

■ Both the trial court and the appellees failed to recognize the distinction between a new claim, which would clearly be precluded, and additional evidence of a contemporaneous injury, which, just as clearly, is admissible in a *de novo* review. Appellant is seeking recognition of only one claim. Accordingly, appellant's first assignment of error is sustained.

In appellant's second assignment of error, he maintains that his complaint did state a cause of action for a compensable mental and emotional injury. In its judgment entry granting appellees' motion for summary judgment, the trial court made a finding of law that mental injuries or disabilities alleged to have been caused solely by emotional stress are not compensable under the Workers' Compensation Act. While this is an accurate statement of law, it is not applicable to the facts of this case.

Ohio's workers' compensation system has consistently recognized mental/emotional disabilities which have been caused by physical injuries. See *State, ex rel. Buckeye Internatl., Inc., v. Indus. Comm.* (1982), 70 Ohio St.2d 200, 24 O.O.3d 294, 436 N.E.2d 533, and *State, ex rel. Peeples, v. Farley Paving Co.* (1981), 66 Ohio St.2d 106, 20 O.O.3d 96, 420 N.E.2d 111.

Likewise, the Ohio Supreme Court held in *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, that physical injuries, such as a heart attack, caused solely by emotional stimuli are compensable without the requirement of a contemporaneous physical trauma. While *Ryan* expressly overruled *Szymanski v. Halle's Dept. Store* (1980), 63 Ohio St.2d 195, 17 O.O.3d 120, 407 N.E. 502, which had mandated the existence of a contemporaneous physical trauma, it does not change established Ohio law that stressful circumstances which cause emotional disability, but do not cause physical injury or death, are not compensable. Furthermore, *Ryan* does not change established Ohio law that an emotional injury is not compensable, despite a contemporaneous physical injury, unless that physical injury causes the emotional injury. See R.C. 4123.01(C)(1) and *Lengel v. Griswold* (Nov. 25, 1987), Cuyahoga App. No. 53054, unreported, 1987 WL 20459.

Accordingly, to state a claim upon which relief can be granted for an emotional disability, an employee must allege either that a physical injury proximately caused the emotional disability (*State, ex rel. Buckeye Internatl., Inc., supra*), or that the emotional stress proximately caused a physical injury (*Ryan, supra*). Paragraphs three and four of appellant's original and amended complaint allege both a physical injury and an emotional disability as being proximately caused by appellant's physical assault at the hands of inmates.[1]

---

1. "3. Plaintiff states that on or about October 14, 1985, while in the course of and arising out of his employment with the Southern Ohio Correctional Facility, he was taken hostage by hostile inmates and while held hostage, was physically and emotionally assaulted and more specifically but not necessarily limited to the following acts: contents of powder fire extinguishers were discharged under a door causing plaintiff to choke, plaintiff was handcuffed and jerked around and had cuts on his fingers from broken glass.
"4. Plaintiff further states that as a direct and proximate result of said accidental occurrence, noted above, arising out of his employment that he suffered cuts and bruises and a burning sensation in his lungs and a post traumatic stress disorder."

Appellant is seeking compensation for an emotional disability purportedly caused by a physical injury. He has alleged a cause of action identifying a compensable injury under the Workers' Compensation Act. Appellees' reliance on *Ryan, supra,* is misplaced in that it relates only to physical injuries caused solely by emotional stress. It does not apply to the facts of this case.

While appellant faces the unenviable task of establishing that his post-traumatic stress disorder was proximately caused by his cut fingers, burning eyes and lungs and not the emotional stress he describes as being the causative factor in his psychiatric examination by Dr. Brown, he has stated a cause of action.

Because the trial court improperly granted the motion for summary judgment, we sustain appellant's second assignment of error.

*Judgment reversed*
*and cause remanded.*

STEPHENSON and HOMER E. ABELE, JJ., concur.