The single question requiring consideration at this time is whether the relatrixes filed; their claims before the Industrial Commission within the period required by Section 1465-68a, General Code, which reads in part as follows:
"Claims for compensation on account of silicosis shall be forever barred unless application shall have been made to the Industrial Commission within one year after total disability began or within six months after death."
The decedent became totally disabled November 17, 1939, and died March 16, 1940. More than seven months later on October 22, 1940, one relatrix filed her claim. The claim of the other was not filed until April 12, 1941, nearly thirteen months after the decedent's death.
Just why these claimants indulged in these delays *Page 235 
is a matter about which this court is not informed nor permitted to concern itself. For the purpose of considering and deciding the question presented by the demurrer to the petition the court must accept the facts as made by the claimants themselves just as it is required to consider the provisions of the statute as worded by the General Assembly.
A study of the above-quoted language immediately discloses that two types of claim for compensation by reason of silicosis are recognized. One is that of an employee himself based upon his own disability; and the other is that of his dependents arising by reason of his death. The two types are separate and distinct. With reference to a death claim the statute clearly seems to provide that it must be made to the commission within six months thereafter. With equal clarity that part of the statute relating to a disability claim seems to require it to be filed within one year. However, the relatrixes insist this apparent meaning is not correct. They contend that the two limitations are not mutually exclusive but are alternative and cumulative. If this be so, then of course both limitations must be held applicable to both types of claim. But the claimants are compelled to concede that this cannot be done with a logical result. This demonstrates the speciousness of their theory of construction. Specifically, they insist that the statute permits a death claim to be made by dependentseither within one year after total disability began or within six months after death; but they cannot escape the unexplainable result of then necessarily holding in similar fashion that an employee may file his own claim for disabilityeither within one year after total disability or within six months after his own death!
Clearly the General Assembly has provided a separate and distinct limitation for each of two separate and distinct types of claim.
The respondent's demurrer to the petition must be *Page 236 
sustained, the action dismissed, and the writ denied at the costs of the relatrixes.
Judgment for respondent.
WILLIAMS, MATTHIAS, HART and ZIMMERMAN, JJ., concur.
TURNER, J., concurs in the judgment.
BETTMAN, J., not participating.