STATE, ex rel. WILLIS, Relator, v. INDUSTRIAL COMMISSION, Respondent.

Ohio Appeals, Tenth District, Franklin County.

No. 5727.   Decided April 1, 1958.

Keith McNamara, Elliott, Hilliard & Martin, Clyde R. Elliott, George Leshy, of Counsel, Columbus, for relator.

William Saxbe, Atty. Genl., Robert M. Duncan, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By BRYANT, J.

Thomas D. Willis, relator herein, has invoked the original jurisdic-

tion of this court asking for a writ of mandamus against The Industrial Commission of Ohio, respondent herein. Willis seeks to require said commission to vacate and set aside orders made by it on January 25, 1957 and March 14, 1957, holding that it had no jurisdiction to entertain the application filed by Willis. Relator further prays for an order compelling said commission to entertain and assume jurisdiction of the application filed by Willis and to consider it on its merits.

The principal facts in this case appear not to be in dispute, and both sides have agreed to the submission of the official file of the respondent. From that file it would appear that on March 27, 1956 Willis filed a form of application "For Occupational Disease Only." This form being the official application form prescribed by said commission is in three parts spread over some four pages. The first part contains questions to be answered by the employer, the second contains questions to be answered by the employee and the third by the attending physician. From this we learn that Willis was first employed by the Nitrogen Division—Allied Chemical and Dye Corporation of South Point, near Ironton, Ohio on January 26, 1948 and apparently continued in their employ until on or about March 24, 1955 when he quit. The employer reported the reason for his quitting was "illness." Willis amplifies this by stating his symptoms were "nausea and vomiting, profuse sweating, diarrhea, and a semicomatose." Further describing his symptoms, Willis said "loss of reflexes in lower extremities, pain, swelling and numbness of feet."

We conclude that both sides are in agreement that on March 24, 1955 Willis was disabled and left his job for that reason. It appears that he was attended by a number of physicians and that his condition was initially diagnosed polyneuritis. When he failed to respond to the treatments prescribed, other physicians were called in consultation and other tests were made. In the late Fall of 1955, one physician in Columbus, after careful study, concluded that Willis' condition "could well be arsenic poisoning." Another specialist in preventive medicine was called into the case who gave a so-called final opinion and final diagnosis that Willis was suffering from "peripheral neuropathy of toxic origin probably due to arsenic." This later opinion was given December 2, 1955.

As before stated Willis' claim was filed on March 27, 1956 and the respondent has refused to accept jurisdiction of it because of the statutory limitation applicable in such cases. It is clearly provided that in such cases the claim for occupational disease must be filed within six months after the disability due to the disease began. **Sec. 4123.85 R. C.,** provides in part as follows:

"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation shall be forever barred unless, **within six months after the disability due to the disease began,** or within six months after death occurred, application is made to the industrial commission, * * *." (Emphasis added.)

On the basis of the record submitted, there appears no doubt that on March 24, 1955 the disability of Willis had begun, as was evidenced by his own statement and by the fact that he did not work after that

date. It is equally clear that the application for compensation was not filed until March 27, 1956 more than a year later, whereas the statute requires that it be filed within six months after the disability due to the disease began.

Relator argues that he could not have filed his claim sooner because the final diagnosis by the last physician who examined him and diagnosed his condition as due to arsenic poisoning was not made until December 2, 1955. It may well be that the law should be amended to allow for such cases as that of relator herein, but that of course is a matter over which we have no control. We are compelled to take and apply the law as we find it and applying the statute above set forth are unable to find that there has been a gross abuse of discretion on the part of respondent or that respondent has deprived relator of any clear legal right.

For the reasons above set forth the prayer for a writ of mandamus must be denied.

PETREE, PJ, MILLER, J. concur.