**STATE, ex rel. MAXWELL, Relator, v. INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 5976. Decided March 10, 1959.

Schwenker, Teaford, Brothers & Solsberry, L. Bernell Solsberry, of Counsel, Columbus, for relator.

Mark McElroy, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, J.

This is an original action in mandamus wherein the relator is seeking an order commanding the Industrial Commission of Ohio to take and accept jurisdiction of relator's claim for benefits under the silicosis and occupational disease provisions of the Workmen's Compensation Law of the State of Ohio, and for such other relief as may be proper and necessary in protecting relator's rights herein.

The case is submitted to this court upon the pleadings and the official file of the Industrial Commission. From these it appears that the relator, Allen Maxwell, became totally disabled on or about June 26, 1952, because of the disease of silicosis which arose out of his employment as a coal miner; that his employer was amenable to the Workmen's Compensation Act, and a claim was filed with the Industrial Commission on June 24, 1955. The claim was rejected by the Administrator of the Bureau for the reason that the relator's application, on its face, showed that he became disabled by reason of silicosis in 1952 and, upon application to the Commission, the action of the Administrator and Board of Review was affirmed on February 26, 1958. Now the sole question for our determination is, whether the application was filed within the time allowed for such filing under §4123.68 R. C. The effective part of this section provides that all claims for silicosis "are forever barred unless application therefor is made to the commission within one year after total disability began or within such longer period as does not exceed six months after diagnosis of silicosis by a licensed physician." It is clear that more than one year elapsed after the disability arose before the claim was filed, leaving only the question whether the claim was filed within the specified six months after diagnosis by a licensed physician.

It appears that the rejection was grounded upon the following information contained in the "Attending Physician's Report," which was made a part of the relator's application. It contains these statements by a licensed physician, Dr. Wetterauer:

"Date of first treatment by you - - 3-21-49.

"Date of diagnosis by you - - - - - 1952.

"What is the diagnosis - - Silicosis with emphysema and cavitory changes in left upper lobe, susp tbc."

The following affidavits of D. E. Wetterauer, M. D. and R. A. Nebinger, M. D. are contained in the Industrial Commission file. We quote them in full, as they appear to be most pertinent to the issue presented:

## "AFFIDAVIT

"STATE OF OHIO,
MUSKINGUM COUNTY, ss:

"I, D. E. Wetterauer, M. D., being cautioned and sworn, upon my oath, depose and say that I first examined Allen Maxwell, Rt. No. 2, Roseville, Ohio, on March 21, 1949, in the Muskingum County Health Center, Zanesville, Ohio, for retake X-rays as a result of a mass survey. I next saw him on January 22, 1952, when he came in for X-rays. On February 4, 1952, I saw him again for stereoscopic X-rays. He was back again on July 16, 1952, as a result of a mass survey. On April 11, 1955, I examined him again by X-ray and laboratory study. On April 25, 1955, I rechecked him again as I felt further search and diagnosis was necessary as I was searching for tubercli bacillus as the X-rays were showing questionable cavitation and my stereoscopic examination and X-rays also revealed the possibility of effects of exposure to various dusts. I was then trying to establish if there was secondary infection of tuberculosis and this was the first time that the possibility of residuals of dust exposure was made known to the patient.

"I further state that all of my diagnosis at the Zanesville Health Center were referred to R. A. Nebinger, M. D., Roseville, Ohio (Maxwell's family physician), and some time on or after May 9, 1955, was the first time that Allen Maxwell was told his condition might be complicated by residuals of dust exposure, whereupon he was immediately back to see me after May 9, 1955, requesting me to fill out the medical part of an occupational disease application for Workmen's Compensation.

/s/   D. E. Wetterauer, M. D."

## "AFFIDAVIT

"STATE OF OHIO
MUSKINGUM COUNTY, ss:

"I, R. A. Nebinger, M. D., being first duly cautioned upon my oath, say that I have been the family physician for Allen Maxwell during the ten years last past.

"Sometime in 1949, or thereafter, Allen Maxwell complained to me of the fact that he was short of wind and might have some chest condition. I never took any x-rays, however, between that time and April 25, 1955, I received several reports from the Muskingum County Tuberculosis Clinic, D. E. Wetterauer, M. D. in charge, stating this patient had pathology in the chest, and during this time that they were proceeding at the clinic to verify their diagnosis of tuberculosis, taking many x-rays and sputum test.

"Sometime in late April or early May in 1955, I received the first report from the clinic indicating that the patient had silicosis and it

was at this time that the patient first learned that his condition had been diagnosed as such. I further state, upon my oath, that I relied upon the reports of Doctor Wetterauer, since the only means of diagnosis of silicosis is through x-rays, which were not in my possession, and I never saw any of the x-rays of Maxwell's chest, therefore, I could not have told Maxwell his ailment prior to April, 1955.

/s/ R. A. Nebinger, M. D."

Now, §4123.68 R. C., is a remedial statute which grants to a claimant a certain period of time within which a claim for silicosis may be filed and should be liberally construed. In Haisman v. Crismar, 18 Abs 180, the court held that the statute authorizing a new action within one year, where the plaintiff has commenced his action before running of limitations and has failed otherwise than on the merits, must be liberally construed. See also Hershner v. Deibig, 64 Oh Ap 328, and Reid v. Doubleday, 109 F. Supp., 354.

In construing the provisions of the Workmen's Compensation Act, our courts have uniformly held that it should be liberally construed in favor of the employee in order to carry out the purpose of its enactment. Bowling v. Industrial Commission, 145 Oh St 23; Covert v. Industrial Commission, 139 Oh St 401, Industrial Commission v. Weigandt, 102 Oh St 1; Nelson v. Industrial Commission. 150 Oh St 1; and Eagle v. Industrial Commission, 146 Oh St 1. In giving a liberal construction to the statute involved herein, we think it is also incumbent upon the court to give a liberal interpretation to the medical affidavits and other evidence submitted on behalf of the relator. From these, we find that the first positive diagnosis of silicosis was made by Dr. Wetterauer on April 25, 1955, at which time the diagnosis was made known for the first time to the relator's attending physician. The claim was filed on June 24, 1955, which was well within the six-month period after the physician's diagnosis of silicosis and, in refusing to accept jurisdiction of the relator's claim, the Commission abused its discretion.

The case of State, ex rel. Willis v. Industrial Commission, 78 Abs 354, decided by this court and cited by the respondent, is not on all fours with the case at bar. The cited case involved a different section of the Revised Code, to wit, §4123.85 R. C., which limits the time for filing claims for certain occupational diseases to six months after the disability due to the disease began. It was held in that case that the failure to file a claim within the six months, because of a lack of knowledge of a compensable disease, did not prevent the running of the limitation period. But in our case, under §4123.68 R. C., the limitation period does not begin to run until a diagnosis of silicosis has been made by a physician. Lack of knowledge in this instance should prevent the running of the statute until the diagnosis is completed and made known to the claimant or his representative.

The writ will be allowed as prayed for in the amended petition.

BRYANT, PJ, DUFFY, J, concur.