Merrimack,
No. 4978.

CAMILLE BOUCHER

*v.*

THE JOHN SWENSON GRANITE COMPANY, INC. *& a.*

Argued October 3, 1961.

Decided March 6, 1962.

64

*Broderick, Manning & Sullivan (Mr. Maurice A. Broderick* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden (Mr. Irving H. Soden* orally), for the defendant.

WHEELER, J. The defendant contends that the plaintiff is not entitled to compensation because the disease of silicosis existed

"at commencement of the employment" and in such cases compensation is barred under the statute (RSA 281:2 III (supp)) the material portions of which provide: "III. Personal injury . . . shall mean . . . the following disease . . . arising out of and in the course of employment . . . silicosis and other pulmonary dust diseases subject to the provisions hereinafter set forth. For the purpose of determining the date of injury for an occupational disease the first date of treatment by a licensed physician shall be taken as the date of injury . . . . It shall not include other diseases or death therefrom unless they are the direct result of an accidental injury arising out of and in the course of employment, *nor shall it include a disease which existed at commencement of the employment,* nor a disease the last injurious exposure to the hazards of which occurred prior to the effective date of this chapter." (Emphasis supplied). The statute further provides that compensation shall not be payable for partial disability. *Colantonio* v. *Company,* 97 N. H. 23. The plaintiff's contention in substance is that in light of the legislative history of the Workmen's Compensation Law it was not the legislative intent to exclude from recovery pre-existing silicosis since "Limitations on recovery [*Bolduc* v. *Company,* 96 N. H. 235] are limitations on Earning Disability." In other words, as the plaintiff's contention is understood, since the plaintiff did not have the disease of silicosis prior to August 6, 1958 so as to be totally disabled therefrom and thus entitled to compensation, the disease did not exist "at commencement of the employment" within the contemplation of the statute.

Three medical experts testified and were unanimous in their opinion that as far back as 1946 the X-ray plates showed an early degree of silicosis present which would have taken years of exposure to silica dust to have developed to the point where it could be diagnosed. This condition progressed until at the time of the trial it was diagnosed as second degree silicosis. The record is barren of any medical testimony that this condition from 1946 to the present was not a disease.

The Court's ruling distinguished "silicosis as a condition not affecting a person's work or general physical condition, and a disease of silicosis as affecting either the ability to work, or the physical well-being of a person."

Prior to 1947 silicosis and other pulmonary dust diseases were not compensable under the statute. Laws 1947, 266:2 III. The statute placed certain limitations and restrictions on the right of

recovery by barring compensation for disease "which existed at commencement of the employment."

Because of previous nonliability for occupational diseases this court recognized the necessity for these limitations, obviously intended by the Legislature to give to the insurer and employer opportunity to provide a reserve for future claims. *Fortin* v. *Textron,* 97 N. H. 291, 293.

The wording of the statute does not lend itself to the interpretation sought by the plaintiff that because he was not totally disabled by silicosis before August 6, 1958 he could not be found to have had the disease "at commencement of the employment." RSA 281:2 III (supp). To read this meaning into the statute would amount to judicial legislation. The evidence compels a finding that at the commencement of his last employment with the defendant the plaintiff had a "disease" within the meaning of the statute and consequently is not entitled to an award of compensation. *Salyer* v. *Clinchfield Coal Corp.,* 191 Va. 331, 336.

Although this conclusion makes it unnecessary to refer to other arguments made by the defendant our consideration of one of these prompts us to point out what appears to be a deficiency in the law. In 1957 RSA 281:2 III and 17 were amended to provide that in cases of silicosis and other pulmonary dust diseases "the first date of treatment by a licensed physician shall be taken as the date of injury." Section 17 further provides that a claim for compensation "shall be barred . . . unless said notice [of the injury] is given to the employer within one year" of the injury. In silicosis cases no claim for compensation arises until total disability results. RSA 281:2 III (1). By its very nature the disease does not ordinarily become totally disabling until years have elapsed after it can be diagnosed and is likely to be treated. Hence the combined effect of ss. 2 III, and 17, *supra,* will preclude compensation in all but rare cases, since the first date of treatment will ordinarily occur more than a year before a claim for compensation can arise.

The characteristics of silicosis appear·to have been recognized by the Legislature in 1961 when RSA 281:30 (supp) was amended to provide that in silicosis cases compensation "shall be deemed to run from the first date of disability and not from the date of injury as herein defined in such cases." Laws 1961, 194:13. However this beneficial provision of the Law will be of little value if employees never become entitled to compensation because barred by section 17 for failure to give notice within a year of the first

date of treatment, at a time when they had no compensable claim. See *Bolduc* v. *Company,* 97 N. H. 360, 365.

The provisions of sections 2 III, and 17, *supra,* may be contrasted with the Ohio statute for example, which provides that applications for compensation for total disability due to silicosis must be made "within one year after total disability began or within such longer period as does not exceed six months after diagnosis of silicosis by a licensed physician." Ohio Rev. Code, *s.* 4123.68 (W); *State* v. *Industrial Commission,* (Ohio App.) 160 N. E. 2d 346. See also, *Agostin* v. *Pittsburgh Steel F'dry Corp.,* 354 Pa. 543, 550.

It may well be that difficulties in interpretation of the 1957 amendment to section 2 III were a factor in the Trial Court's erroneous construction of the previous exclusion of a "disease which existed at commencement of the employment."

In view of the foregoing, the Legislature might well find it in the public interest to review the original provisions providing compensation for silicosis and other pulmonary diseases together with the amendments thereto in order to determine if they clearly express their legislative intent.

*Judgment for the defendant.*

All concurred.