The State, ex rel. Hamilton, Appellee, *v*. Industrial Commission of Ohio, Appellant.*

(No. 7162—Decided April 30, 1963.)

*Mr. R. Brooke Alloway* and *Messrs. Casper & Casper*, for appellee.

*Mr. William B. Saxbe*, attorney general, and *Mr. Robert Duncan*, for appellant.

Troop, J. Relator filed an action in mandamus in the Court of Common Pleas of Franklin County seeking to require respondent to hear and determine, on the merits, his claim for compensation resulting from the occupational disease silicosis sustained in and arising out of his employment with Armco Steel Corporation, a self-insuring employer.

Several demurrers were filed addressed to the petition, which were overruled. An answer was then filed by respondent, which admitted the basic operative facts involved and reiterated the legal argument upon which the previously overruled demurrers had been based. Relator then demurred to the answer of respondent, and the demurrer was sustained and a peremptory writ of mandamus ordered to issue from which final order this appeal is taken.

*Motion to certify the record overruled (38312), November 6, 1963.

There appears to be no dispute as to the operative facts presented. Nual Hamilton was employed at Armco approximately twelve years, contracted silicosis as a direct result of exposure to silica dust in the course of and arising out of his employment, and became totally disabled therefrom on or about February 2, 1953. He presented a claim for disability to Armco about April, 1953, receiving no compensation from his employer. About January 1957, Hamilton filed a claim on form C-57, reciting the pertinent facts, with the Administrator of the Bureau of Workmen's Compensation. The claim of relator was assigned a number, processed, and hearings were held according to procedure in the bureau, with a final appeal to respondent. At each step the claim was denied on the ground that it had not been filed within the time limit prescribed in Section 4123.68 (W), Revised Code. Respondent affirmed the orders of the administrator and the Dayton Board of Review, whereupon relator began his action in the Common Pleas Court.

Limitations upon the filing of claims for occupational diseases are prescribed in Section 4123.85, Revised Code, and for the occupational disease silicosis in Section 4123.68 (W), Revised Code. The issue presented for consideration here is the possible application of these sections to the operative facts as outlined. If Section 4123.85, Revised Code, is controlling, then relator, Hamilton, has reasonably filed his claim, and, on the other hand, if Section 4123.68 (W), Revised Code, governs, then the door is closed to his recovery.

Ohio made disability from certain occupational diseases compensable in 1921. Section 1465-68a, General Code, listed those occupational diseases specifically. (109 Ohio Laws, 181, 183.) A statute of limitations was passed with respect to the filing of claims based upon the listed diseases, being Section 1465-72b, General Code. (109 Ohio Laws, 181, 186.) Silicosis was not listed as an occupational disease in this early enactment. The statute of limitations, applicable when silicosis was not regarded as compensable, provided the time limit within which claims should be filed with the Industrial Commission or with the employer.

In 1937, Section 1465-68a, General Code, was amended and silicosis was added to the list of compensable occupational diseases. (117 Ohio Laws, 268.) Associated with the definition of

silicosis, and in the material added to the section by amendment, and definitely a significant part of it, we find a paragraph containing the limitations upon filing, which is as follows:

"Claims for compensation on account of silicosis shall be forever barred unless application shall have been made to the Industrial Commission within one year after total disability began or within six months after death."

This is essentially the same provision as contained in Section 4123.68 (W), Revised Code, as considered in the instant case.

Section 4123.85, Revised Code, is the other statute of limitations section. The possibly applicable portion is as follows:

"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation shall be forever barred unless, within six months after the disability due to the disease began, * * *, application is made to the Industrial Commission, or to the employer in the event such employer has elected to pay compensation direct, * * *."

Counsel for relator urge that either section is applicable and that the claimant, Hamilton, met the requirements of Section 4123.85, Revised Code, by filing his claim with Armco, his self-insuring employer, within six months of his disability. Counsel support his contention by reliance upon the decision in the case of *State, ex rel. Efford,* v. *Industrial Commission* (1949), 151 Ohio St., 109, and the conclusion reached by the trial court in which it found that Section 4123.85, Revised Code, is the only statute which differentiates between self-insuring and State Insurance Fund cases, and that Section 4123.68 (W) is not specific in treating of the entity which is to receive notice of a claim.

Respondent takes the opposing view, that silicosis as an occupational disease has received special and specific treatment historically and is treated so presently. It is urged, also, that such a position is tenable in view of court decisions.

At the time silicosis was added to the list of occupational diseases the paragraph dealing with limitation upon filing was included. Such enactment was later in time than Section 1465-72b, General Code (Section 4123.85, Revised Code), and can be regarded as superseding it. That the Legislature was dealing specifically with a particular occupational disease, silicosis, can be discovered by an examination of the whole of sub-

section (W). There are many limitations and requirements, relating to exposures, time of death as to last injurious exposure, referral by the commission to "silicosis referees," required X-ray examinations and autopsy, and others. The Legislature distinguished the treatment of silicosis claims by provisions in greater detail than that applied to any other occupational disease up to that time, and even including berylliosis and, now, radiation illness.

The *Efford case, supra,* appears to lend encouragement to relator. Several points complicate the case and such are not in the case before us. There were two employers involved, one state-fund and the other self-insurer. A claim was seasonably filed against the state-fund employer for whom the claimant was last employed. Later a claim was filed indicating that the last exposure of the claimant occurred during his earlier employment with the self-insurer. A district board disallowed the claim filed first in time and allowed that filed later. The two claims were consolidated in the files of the Industrial Commission, but the self-insurer never received any of the notices required by rule and statute. After consideration of all of the difficulties, the Supreme Court approved the dismissal of the claim against the self-insurer saying, at page 115, as follows:

"The provisions of Section 1465-72b, General Code, are clear, that application claiming compensation in cases of occupational diseases *shall be made to the employer* in the event that the employer has elected to pay compensation direct."

If it were not for pronouncements in later cases the decision in the *Efford case, supra,* would settle the issue presented here. The *Efford case, supra,* does not appear to have been overruled by any specific ruling of the court, but the language of the later cases is sufficiently strong that they must be examined with care.

The first of these cases is *State, ex rel. The Fulton Foundry & Machine Co., Inc.,* v. *Industrial Commission* (1959), 168 Ohio St., 410, in which the question of which of two statutes is applicable to the given situation is resolved by the court. A claim was filed asserting disability from silicosis. The sections noted are Section 4123.10, Revised Code, providing for medical examinations in occupational disease cases, and Section 4123.68 (W), which provides for certain other more explicit examina-

tions in silicosis cases. The language of the court, through Weygandt, C. J., at page 413, concerning the two sections, is important to us in the instant case.

Weygandt, C. J., speaking for the court, quotes Section 4123.10, Revised Code, and then speaks, as follows:

"However, it is the view of this court that this section is inapplicable here. This section was enacted in 1921, while Section 4123.68 (W), Revised Code, was enacted in 1937. The first is general, and the second relates specifically to silicosis. Since the first statute is general and earlier, and the second is specific and subsequent, the latter controls, and a compliance with the first was not necessary inasmuch as silicosis is here involved."

The second case decided by the Supreme Court involves a different problem, but the language in the decision, bearing upon our problem, is strikingly similar. In the case of *State, ex rel. Superior Foundry, Inc.,* v. *Industrial Commission* (1959), 168 Ohio St., 537, an employer sought relief from the burden of a silicosis claim urging that the claimant had failed to comply with the second paragraph of Section 4123.68, Revised Code. The court found that the claimant had complied with subsection (W) of that section. In resolving the conflict, at page 540, Zimmerman, J., speaking for the court, speaks as follows:

"Subdivision (W) of Section 4123.68, Revised Code, dealing specifically with silicosis, must be given full force and effect and can not be eliminated by the second paragraph of the section relied on by relator and which was placed in the law long before silicosis was recognized as a compensable occupational disease. In other words, the specific provision relating to silicosis takes precedence over and controls the general provisions relied on by relator and which has reference to occupational diseases generally."

The essence of that language is set out in paragraph one of the syllabus.

In spite of the decision in the *Efford case, supra,* when we look squarely at the language used in the decisions in the later cases we are left with the inescapable conclusion that Section 4123.68 (W) is controlling in silicosis cases.

The attitude of courts is extremely rigid in applying and respecting the limitations prescribed in compensation matters.

In *Greenwalt* v. *Goodyear Tire & Rubber Co.* (1955), 164 Ohio St., 1, a claim was held to be barred and that the claimant had no right of action against his employer even though the employer had gratuitously offered to file the employees claim and neglected to do so before the time had run. In *State, ex rel. Willis*, v. *Industrial Commission* (1958), 78 Ohio Law Abs., 354, it was held that failure to file within the time limits set in Section 4123.85, Revised Code, was fatal even though the claimant was unaware of his disability due to the failure of his physicians to diagnose his condition as arsenic poisoning within the time limit set.

Rules governing the time within which to perfect appeals have been applied with the same rigidity.

In examining the decision of the trial court, in overruling a motion to reconsider its order overruling a demurrer to the petition, it is apparent that the court's sympathies were with a claimant who might have been misled by the conflict between the two statutes, when the court said:

"* * * Section 4123.68, paragraph W, Revised Code of Ohio, may well be specific in its treatment of *silicosis* but it is *not* specific in treating of the entity which is to receive notice of a claim; * * *.''

The court's criticism may be well-founded but it simply points out a matter for legislative attention. The court's sympathy is commendable but the decisions in the *Fulton Foundry* and the *Superior Foundry cases, supra*, leave no doubt as to Section 4123.68 (W), Revised Code, being *specific* in the treatment of silicosis.

The order of the trial court sustaining the demurrer of relator to the answer of respondent is reversed, the order directing a peremptory writ of mandamus to issue is set aside, and the petition of relator is dismissed.

*Judgment reversed.*

DUFFEY, J., concurs.

DUFFY, P. J., dissenting. Until the Supreme Court overrules the *Efford case* (*State, ex rel. Efford*, v. *Industrial Commission* [1949], 151 Ohio St., 109), a claimant who follows it and files with the self-insuring employer should have his claim recognized by the Industrial Commission.