THE STATE, EX REL. DALLAS, APPELLANT, *v.*
INDUSTRIAL COMMISSION ET AL., APPELLEES.

[Cite as State, ex rel. Dallas, *v.* Indus. Comm. (1984), 11 Ohio St. 3d 193.]

(No. 83-1284—Decided June 20, 1984.)

*Mr. W. Michael Shay,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. Michael L. Squillace,* for appellee Industrial Commission.

*Per Curiam.* Not only was there evidence to support the decision of the commission denying permanent total disability, but such evidence was substantial.

The authority of the Industrial Commission to determine extent of disability is not questioned here. Rather, appellant questions the sufficiency and validity of medical reports negating permanent total "impairment" for the reasons that such reports (1) did not describe what type of work appellant would be able to perform based on age, education and work experience; and (2) used the term "impairment" and thus expressed no opinion concerning appellant's "disability." Such contentions are without merit.

Appellant relies on *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, to support his claim that the failure of medical reports to recite consideration of nonfunctional factors invalidates such reports. Such reliance is misplaced. *Jennings* entailed a medical report repudiated by the medical examiner in a deposition. There was no such deposition and repudiation here. Moreover, the commission had before it at the August 1982 hearing appellant's affidavit which recited the factors of age, education and work experience.

As to appellant's second contention, use of the term "impairment" in the medical reports is in accordance with the definition set forth in the commission's Medical Examination Manual, at pages 1 and 2, which describes "impairment" as, "* * * the amount of claimant's anatomical and/or mental loss of function * * *." "Disability" is defined as "* * * the effect that the medical impairment has on the claimant's ability to work." *Id.* at 2. The manual then properly states that "[d]isability is determined by the Industrial Commission and its hearing officers." The commission made such determination here based on substantial evidence in the record.

For reason of the foregoing, the judgment of the court of appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.