THE STATE, EX REL. ADKINS, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Adkins, *v.* Indus. Comm.
(1986), 24 Ohio St. 3d 180.]

(No. 85-1508—Decided July 2, 1986.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Philip J. Fulton,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Dennis L. Hufstader* and *Janet E. Jackson,* for appellee.

*Per Curiam.* Essentially, appellant raises two questions herein.[1] First, whether there is substantial, reliable and probative evidence supporting the determination by the commission that appellant is not permanently and totally disabled. Second, whether the commission is required to explain why it did not accept the conclusions of a vocational consultant who, in consideration of appellant's experience, education, and age, found that as to employment opportunities, appellant would not present the "best qualifications or least problems."

As to the evidence supporting the commission's finding and order, appellant argues that Dr. Kackley's admission in his answers to interrogatories that he did not consider the factors of age, education and work history in making his impairment evaluation is not evidence supporting a want of permanent and total disability because disability must be con-

---

[1] Appellant sets forth a proposition, neither raised nor argued below, asserting want of procedural due process.

sidered in context with those factors. The answer to this argument is that disability, determination rests with the Industrial Commission. *State, ex rel. Dallas, v. Indus. Comm.* (1984), 11 Ohio St. 3d 193. The determination herein is supported by reliable, probative and substantial evidence of Dr. Kackley based upon his conclusions as to the extent of appellant's impairment. While the credibility of Dr. Reynolds' evaluation might arguably be impugned as equivocatory (see *State, ex rel. Walters, v. Indus. Comm.* [1985], 20 Ohio St. 3d 71), the credibility of Dr. Kackley's evaluation is unimpeached and supports the commission's determination that appellant is not permanently and totally disabled.

As to the commission's failure to refer to the evaluation of the vocational rehabilitation consultant, that evaluation may be accepted or rejected as the commission deems appropriate because the determination of extent of disability is the function of the commission. See *Dallas, supra.* Moreover, the standard by which the commission must be guided in determining whether a claimant is permanently and totally disabled is whether he is "unfit for sustained remunerative employment." See *State, ex rel. Jennings, v. Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102. The report of Rosenthal addressed a standard, *i.e.,* "best qualifications or least problems," which differed from that set forth in *Jennings.* Thus, the Rosenthal report was properly rejected by the commission and no reference thereto was necessary.

For reasons of the foregoing, the judgment of the court of appeals, denying the writ of mandamus, is hereby affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., dissent.

LOCHER, J., concurring. I concur in today's decision because it reaffirms this court's recognition that the commission, not outside "experts," has the responsibility for determining disability. Factors such as age, education and work history may certainly be considered by the commission but should not provide the basis for usurping the role of the commission in determining disability.

WRIGHT, J., concurs in the foregoing concurring opinion.

CLIFFORD F. BROWN, J., dissenting. Because I believe the Industrial Commission abused its discretion by denying appellant's application for permanent total disability benefits, I dissent.

The court of appeals held that the commission's denial of benefits was supported by competent evidence, specifically the medical reports of Drs.

Kackley and Reynolds. However, the court below did not consider the fact that Kackley stated in response to interrogatories that he did not consider appellant's age, education and work skills in his evaluation of appellant's disability. This court has held that "[a]ny conclusion with regard to permanent total disability must * * * address the claimant's ability to work." *State, ex rel. Hutt,* v. *Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 185. The Medical Examination Manual issued by the commission states at vi that permanent total disability "is established when the injury has caused the injured worker to be unfit for sustained remunerative employment."

Any meaningful determination of a claimant's fitness for sustained remunerative employment should consider "the whole person"; *i.e.,* such determination should address claimant's injury *and* his work experience, level of education and age, when relevant. Appellant, at the time of his application for permanent total disability benefits, was sixty-five, had worked a substantial portion of his life as a truckdriver, and had a ninth grade education. These factors are highly relevant to a determination of whether appellant is fit for "sustained remunerative employment."

The only medical reports before the commission which considered appellant's age, education, and work history in evaluating his fitness for sustained remunerative employment are those of Dr. Reynolds and Dr. Davies. Reynolds states that "[c]onsidering his [appellant's] age and his impairment and the fact that he has worked as a truck driver it is doubtful whether this man will ever be returned to any gainful employment." Davies states that "based upon the allowed conditions and the acceptance of the objective findings of the examining physicians, the claimant may be PTD due to his age, education and physical condition." Further, the vocational consultant's report indicates strongly that the only jobs for which appellant would be qualified require either more education than claimant has or more exertion that he can handle. This, coupled with appellant's age and the competition for such jobs, renders him unfit for sustained employment.

Thus, there is no evidence upon which the commission could have reasonably based its order denying appellant's application for permanent total disability benefits. There is substantial, credible and competent evidence that claimant is permanently and totally disabled based on the combination of his allowed conditions and the vocational factors outlined above. Where there is no evidence upon which the Industrial Commission could have based its factual conclusion, it abuses its discretion, and a writ of mandamus will be granted. *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 3d 39, 42 [13 O.O.3d 30]. For these reasons, I would reverse the judgment of the court of appeals, and grant a writ of mandamus directing the Industrial Commission to issue an order finding appellant to be entitled to compensation for permanent total disability.

CELEBREZZE, C.J., concurs in the foregoing dissenting opinion.