GRANT, APPELLEE, *v.* CONNOR, ADMR.; BALDWIN, LIMA, HAMILTON CORPORATION, APPELLANT.

[Cite as Grant *v.* Connor (1988), 38 Ohio St. 3d 75.]

(No. 87-1353—Submitted March 16, 1988—Decided July 27, 1988.)

*John R. Workman,* for appellee.

*Vorys, Sater, Seymour & Pease* and *Robert A. Minor,* for appellant.

BRYANT, J. As presented in the briefs and decisions of the lower courts, the sole issue before us is whether plaintiff's claim was timely filed under R.C. 4123.85. In particular, the issue as addressed by the parties concerns the construction to be given the term "disability" contained in that statute.

However, the statute of limitations set forth in R.C. 4123.85 does not govern plaintiff's silicosis claim. Rather, plaintiff's claim is controlled by the statute of limitations once found in R.C. 4123.68(Y). At the time plaintiff filed his silicosis claim, R.C. 4123.68(Y) contained a statute of limitations that by its terms applied specifically to silicosis claims:

"Claims of an employee for com-

pensation and medical, hospital, and nursing expenses on account of silicosis, * * * are forever barred unless application therefor is made to the commission within one year after total disability began or within such longer period as does not exceed six months after diagnosis of silicosis, * * * by a licensed physician. * * *"

Effective in 1937, see Am. Sub. H.B. No. 71 (117 Ohio Laws 268, 271), the provision requiring claims to be filed within one year after total disability began was enacted. This provision was liberalized in 1945 to allow claims to be filed up to six months after diagnosis of silicosis. Am. S.B. No. 211 (121 Ohio Laws 660, 663-664). Although this special statute of limitations was repealed effective January 1, 1979, Am. H.B. No. 1282 (137 Ohio Laws 3934, 3959), at all times relevant to plaintiff's action, including the filing of plaintiff's claim in December 1978, the statutory law in effect contained a statute of limitations intended specifically for silicosis claims. Inasmuch as the statute of limitations set forth in R.C. 4123.68(Y) was more specific than the general statute of limitations for occupational diseases found in R.C. 4123.85, the provisions then found in R.C. 4123.68(Y) control for the purpose of determining whether plaintiff timely filed his claim. *State, ex rel. Superior Foundry, Inc.,* v. *Indus. Comm.* (1959), 168 Ohio St. 537, 540, 7 O.O. 2d 419, 421, 156 N.E. 2d 742, 745; *State, ex rel. Raymond,* v. *Indus. Comm.* (1942), 140 Ohio St. 233, 23 O.O. 436, 42 N.E. 2d 992; *State, ex rel. Hamilton,* v. *Indus. Comm.* (1963), 119 Ohio App. 297, 27 O.O. 2d 316, 199 N.E. 2d 755. See Ohio Adm. Code 4123-3-08(D)(5)(g).

Despite the fact that the trial and appellate courts utilized the incorrect section in determining this matter, application of the correct statute of limitations nonetheless results in an affirmance of the judgment. Pursuant to R.C. 4123.68(Y), plaintiff's claim was barred unless it was filed "within one year after total disability began or within such longer period as does not exceed six months after diagnosis of silicosis * * *." Initially, we note that the six-month provision of R.C. 4123.68(Y) does not serve to shorten the one-year time period for filing claims as set forth therein. Indeed, the language of that section belies such a construction, as it refers to the six-month period as a "longer period" relative to the one-year period commencing after total disability began. Moreover, the history of amendments to R.C. 4123.68(Y) supports interpretation of the "six month" provision as an extension of the one-year time period for filing claims under R.C. 4123.68(Y). Accordingly, when applicable, the "six months after diagnosis" language of the statute lengthens, not shortens, the claimant's minimum one-year period for filing a claim. See *White* v. *Mayfield* (1988), 37 Ohio St. 3d 11, 523 N.E. 2d 497. Since it is clear that plaintiff's claim was filed more than six months after diagnosis of his silicosis, the only remaining question is whether plaintiff filed his claim within one year after "total disability" began.

Plaintiff properly was granted summary judgment on that question. As this court stated in *State, ex rel. Preston,* v. *Peabody Coal Co.* (1984), 12 Ohio St. 3d 72, 74, 12 OBR 63, 65, 465 N.E. 2d 433, 435, "disability" is an "inability to work." Accordingly, total disability under R.C. 4123.68(Y) is, in its simplest terms, a total inability to work. Applying the foregoing to the record before us, we can conclude only that plaintiff exhibited no total inability to work until he was laid off in July 1978 due to his silicosis. More specifically, the parties stipulated that

plaintiff had had silicosis for many years prior to April 1978. However, they further stipulated that plaintiff was not prevented from working, as set forth in his deposition. In that deposition, plaintiff testified that he was not forced to miss any work because of respiratory illness until he stopped working in late July 1978 due to his silicosis. Further, the parties stipulated the testimony of plaintiff's examining physician that plaintiff had in effect been permanently and totally disabled since August 1, 1978, the day after he had been laid off due to silicosis.

In an effort to rebut the foregoing, defendant has highlighted those parts of the record demonstrating that plaintiff experienced shortness of breath in 1962, and that at the time he still worked at the foundry he was informed that he had a spot of dust on his lung. Although that evidence may be sufficient to show the presence of silicosis and its symptoms, such evidence does not constitute evidence that plaintiff experienced total disability because of silicosis. Accordingly, based on the evidence in the record, plaintiff's claim was timely filed within the one-year limitations period.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

PEGGY BRYANT, J., of the Tenth Appellate District, sitting for H. BROWN, J.