THE STATE, EX REL. NELSON McCOY POTTERY COMPANY, APPELLANT, *v.* WILSON ET AL., APPELLEES.

[Cite as State, ex rel. Nelson McCoy Pottery Co., *v.* Wilson (1990), 56 Ohio St. 3d 28.]

(No. 89-1720—Submitted August 29, 1990—Decided December 12, 1990.)

*Hugh W. Nelson,* for appellant.

*Larrimer & Larrimer* and *David H. Swanson,* for appellee Ivan S. Wilson.

*Anthony J. Celebrezze, Jr.,* attorney general, *James A. Barnes* and *Michael L. Squillace,* for appellee Industrial Commission.

ALICE ROBIE RESNICK, J. The issue before the court is whether the Industrial Commission abused its discretion in awarding temporary total disability benefits to the appellee from July 1, 1985 to September 17, 1986. Appellant advances three separate arguments in its attempt to demonstrate that the commission's order should be set aside. For the following reasons, we reject appellant's arguments and affirm the holding of the court of appeals.

Before this court will grant a writ of mandamus, a clear legal right to such extraordinary relief must be established. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225. In order to satisfy this burden, the appellant must demonstrate that the commission abused its discretion in reaching its benefit determination. *State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38, 14 OBR 435, 471 N.E. 2d 465. This court has repeatedly held that as long as there is some evidence in the record to support the commission's findings, the writ of mandamus will be denied. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936; *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197, 26 OBR 289, 498 N.E. 2d 464; *State, ex rel. Kokocinski,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 186, 11 OBR 499, 464 N.E. 2d 564.

Appellant first claims that the Industrial Commission erred in awarding temporary total disability benefits to the appellee since neither of his doctors specifically stated that he was unable to return to his former position of employment. Appellant's complaint suffers from a failure to apprehend the distinction between the role of the examining physician and that of the Industrial Commission. The Medical Examination Manual issued by the commission specifically provides that while determinations of impairment — anatomical or mental loss of function — are the responsibility of physicians, determinations of disability — the effect of medical impairment on the claimant's ability to work — are reserved exclusively for the Industrial

Commission and its hearing officers. See *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 148-149, 10 OBR 482, 484, 462 N.E. 2d 389, 390.

In this case, the initial examining physician, Dr. Wehr, found that appellee had contracted pulmonary silicosis. He noted in his report that appellee had difficulty breathing and experienced coughing spells accompanied by marked chest pain. Using this evidence of impairment, the Industrial Commission determined that respondent was unable to return to his former position of employment. This determination constitutes a legal conclusion within the sole discretion of the commission. It is not necessary for the examining physician to have reached a similar conclusion. *State, ex rel. Dallas,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 193, 11 OBR 504, 464 N.E. 2d 567; *Meeks, supra.*

Appellant's second argument is that the Industrial Commission abused its discretion by applying the *Ramirez* doctrine to a claim for temporary total disability benefits brought pursuant to R.C. 4123.68(Y). In appellant's view, a claimant must show that he is totally disabled not just from his former employment but from any type of employment in order to receive temporary total compensation. However, there is no support for appellant's contention in either the workers' compensation statute or relevant case law.

Appellee's claim was brought pursuant to R.C. 4123.68(Y), which provided in pertinent part that "[c]ompensation and medical, hospital, and nursing expenses on account of silicosis, asbestosis, or coal miners' pneumoconiosis are payable only in the event of temporary total disability, permanent total disability, or death, in accordance with sections 4123.56, 4123.58, and 4123.59 of the Revised Code * * *." H.B. No. 1282 (137 Ohio Laws, Part II, 3934, 3958). R.C. 4123.56 provides the standards for the payment of temporary total disability benefits. Thus, in determining whether appellee's temporary disability award was proper, R.C. 4123.68(Y) must be read in conjunction with R.C. 4123.56.

In *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, we held that the term "temporary total disability," as used in R.C. 4123.56, refers to a disability which prevents a worker from returning to his former position of employment. See, also, *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 18 OBR 117, 480 N.E. 2d 753. We did not limit our holding in *Ramirez* to particular subdivisions of R.C. 4123.68 or to particular usages of the term "temporary total disability." In short, there is nothing in the *Ramirez* opinion which suggests that it is inapplicable to temporary total disability claims brought by workers with silicosis.

Appellant argues that our decisions in *State, ex rel. Lewis,* v. *Diamond Foundry Co.* (1987), 29 Ohio St. 3d 56, 29 OBR 438, 505 N.E. 2d 962, and *Grant* v. *Connor* (1988), 38 Ohio St. 3d 75, 525 N.E. 2d 1383, render the *Ramirez* doctrine inapplicable to disability claims brought pursuant to R.C. 4123.68(Y). We find appellant's contention unpersuasive. Neither of these cases holds, as appellant contends, that a claimant must be totally disabled from all types of employment in order to receive an award of temporary total disability benefits pursuant to R.C. 4123.68(Y). In *Lewis,* we upheld a commission decision denying temporary total disability benefits to the claimant. However, we in no way modified the standard for awarding temporary total benefits as laid out in *Ramirez.* We upheld the commission's denial of benefits because there was

"some evidence" in the record indicating that the claimant was able to return to his former position of employment. Thus, we had no opportunity to decide the question of whether a claimant who is disabled from his former employment is nonetheless ineligible for total disability benefits because of his ability to do other work.

Our decision in *Grant* is similarly inapposite. In that case, which involved the application of the statute of limitations formerly contained in R.C. 4123.68(Y) to a silicosis claim, we held that "total disability under R.C. 4123.68(Y) is, in its simplest terms, a total inability to work." *Id.* at 77, 525 N.E. 2d at 1385. Appellant reads this to mean that in order to qualify for either temporary total or permanent total disability benefits under R.C. 4123.68(Y), the claimant must be disabled from all types of employment. However, unlike appellee, the claimant in *Grant* was never disabled from his original employment.[1] Thus, in *Grant,* the issue of whether a claimant could qualify for temporary total disability benefits if he was disabled from his former employment but capable of doing other work was not before this court.

In sum, neither *Lewis* nor *Grant* suggests that a claimant must be totally disabled from all employment in order to qualify for total disability benefits under R.C. 4123.68(Y). To dispel any confusion that may have arisen on this point, we hereby reaffirm our holding in *Ramirez* and its applicability to claims for temporary total disability benefits brought by workers with silicosis. Accordingly, we reject

appellant's argument that the Industrial Commission abused its discretion in awarding the appellee temporary total disability benefits upon finding that he was unable to return to his former position of employment.

Appellant's third contention is that the Industrial Commission should have found that the appellee's condition was permanent as of July 1, 1985. We find, however, that the Industrial Commission did not abuse its discretion in awarding temporary benefits for the initial period of disability and permanent benefits as of September 17, 1986.

Under the guidelines set forth in R.C. 4123.56 and explicated by this court in *Ramirez, supra,* " '[a]n employee is entitled to be paid temporary total disability when injured and unable to work until one of the following three things occur[s]: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent.' " *Id.* at 632, 23 O.O. 3d at 519, 433 N.E. 2d at 588. In *Logsdon* v. *Indus. Comm.* (1944), 143 Ohio St. 508, 514, 28 O.O. 429, 431, 57 N.E. 2d 75, 78, this court defined a "permanent disability" as a condition which "will, with reasonable probability, continue for an indefinite period of time without any present indication of termination." This definition of "permanency," frequently characterized as the "maximum medical improvement" test, was recently reaffirmed by this court in *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 25 OBR 26, 494 N.E. 2d 1125. In that case, we held that permanency is determined not by a claimant's ability to return to his former employment, but, instead, by the "perceived longevity of the condi-

---

[1] The claimant in *Grant* continued working at the foundry where he was exposed to silica dust until the foundry closed.

tion at issue." *Id.* at 33, 25 OBR at 27, 494 N.E. 2d at 1127.

In the case at bar, there is no evidence to support a finding of permanency prior to September 17, 1986. The medical report of Dr. Wehr dated September 11, 1985 indicates office visits during 1983, 1984, and 1985 and provides a diagnosis of silicosis with emphysema but does not refer to the temporal nature of the condition. The only reference to the permanent nature of appellee's condition is found in the medical report of Dr. Knight, dated September 17, 1986. In his report, Dr. Knight stated, "I believe that this is a permanent condition and does significantly interfere with the patient's ability to work." While Dr. Knight's report supports a finding of permanency as of September 17, 1986, it cannot support an earlier finding of permanency since it does not refer to the appellee's condition prior to that date. As there is no other medical evidence in the record to sustain a finding of permanency prior to September 17, 1986, the Industrial Commission did not abuse its discretion in awarding temporary total disability benefits from July 1, 1985 until September 17, 1986.

For the aforementioned reasons, the judgment of the court of appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., and HOLMES, J., dissent.

HOLMES, J., dissenting. I must dissent from the opinion of the majority, in that I have fundamentally disagreed with the law in *State, ex rel.* *Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, from the date of its pronouncement. In *Ramirez, supra,* the majority[2] held that "[u]nder R.C. 4123.56 temporary total disability is defined as a disability which prevents a worker from returning to his former position of employment." *Id.* at syllabus.

As I stated in dissent in *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 82, 18 OBR 117, 119-120, 480 N.E. 2d 753, 756 (Wright, J., concurring in dissent): "[*Ramirez*] * * * was an incomplete interpretation of the statute in that it provides authority today for a claimant to unjustly refuse a less burdensome position which he is capable of performing and still receive compensation. The precise type of work should not determine whether an employee is disabled under the statute. Rather, such disability contemplates an inability on the part of the employee to perform any work in which he has the experience and capacity to perform."

The Ohio General Assembly has moved to correct this deficiency in the law by amending R.C. 4123.56 to provide wage loss compensation for temporarily disabled claimants who, despite their injuries, are capable of being employed in lower-paying positions. R.C. 4123.56(B) became effective on August 22, 1986 (141 Ohio Laws, Part I, 767) and provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment

---

[2] The four-person majority consisted of three members of this court and one visiting judge.

consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

In response to our decision in *Ramirez,* the Ohio Legislative Service Commission stated in its legislative summary:

"The act creates a new type of compensation. If an employee in an allowable claim suffers a wage loss as a result of either of the following, he may receive compensation at two-thirds of his weekly wage loss, not to exceed the statewide average weekly wage, for a period not exceeding 200 weeks: (1) returning to employment other than his former position of employment or (2) being unable to find employment consistent with his physical capabilities."

As evidenced by this legislative report, the Ohio General Assembly by amending R.C. 4123.56 has shown its intent to encourage the reemployment of partially disabled workers while conserving Industrial Commission funds. Because today's decision avoids this result by reaffirming the philosophy of *Ramirez,* I must respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

