LAINHART, Appellee,

v.

SOUTHERN OHIO FABRICATORS, INC., Appellant.

[Cite as *Lainhart v. Southern Ohio Fabricators, Inc.* (1990), 61 Ohio App.3d 432.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890711.

Decided Dec. 19, 1990.

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellee.
*Frost & Jacobs* and *Randolph H. Freking,* for appellant.

*Per Curiam.*

This cause came on to be heard upon an appeal from the Hamilton County Court of Common Pleas.

Defendant-appellant, Southern Ohio Fabricators, Inc. ("defendant") appeals from a judgment for the plaintiff-appellee, Moody Lainhart, ("plaintiff"), allowing him to participate in the Ohio workers' compensation fund pursuant to R.C. Chapter 4123. The trial court determined that the plaintiff contracted asthma/chronic obstructive pulmonary disease during his employment with the defendant.

The plaintiff was employed by the defendant as a welder from 1964 until October 1984. During that term, the plaintiff welded galvanized steel an estimated ten to fifteen percent of the time. The welding of galvanized steel creates fumes from zinc and other metallic substances which may cause inflammation of the airway to persons exposed to such fumes. Although the plaintiff wore a welder's shield, he was not provided with any protective breathing equipment when welding galvanized steel.

In 1974, the plaintiff was diagnosed with asthma, although it was not determined to be occupationally related, following complaints of chills, fever, wheezing and shortness of breath. After his diagnosis, the plaintiff continued working as a welder.

In October 1984, the plaintiff was laid off. He was asked to return to work two weeks later but declined, due to his worsening asthma. In December 1985, the plaintiff saw Dr. David Bernstein, an immunologist and allergist, who determined that the plaintiff's asthma was occupationally related.

That same month, the plaintiff filed a claim for workers' compensation benefits with the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio. His application was denied, however, following a hearing. After an unsuccessful appeal to the Dayton Regional Board of Review, the Industrial Commission refused further hearing on the plaintiff's claim. The plaintiff appealed the decision of the Industrial Commission to the court of common pleas.

Following a one-day bench trial, the court found that the plaintiff was entitled to participate in the Ohio workers' compensation fund in accordance with the requirements of R.C. Chapter 4123. The trial court also ruled that the plaintiff's disability arose in October 1984 with the diagnosis being made in December 1985.

The defendant's first assignment of error asserts that the trial court erred in admitting the testimony of the plaintiff's medical expert, Dr. David Bernstein, because his opinion was not based on facts perceived by him or admitted

into evidence, contrary to Evid.R. 703. The defendant bases this assertion solely on two statements made by the expert in his deposition. The expert stated that the plaintiff had "no protective equipment available so that his fume inhalation was probably significant," and that the plaintiff told him that "he was primarily involved with welding of galvanized steel."

In general, evidentiary rulings are within the broad discretion of the trial court and will be the basis for a reversal on appeal only upon a showing of an abuse of discretion resulting in prejudicial error. *Leichtamer v. American Motors Corp.* (1981), 67 Ohio St.2d 456, 21 O.O.3d 285, 424 N.E.2d 568. An abuse of discretion involves more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 149.

In the case before us, the plaintiff's expert was his private physician who had personally examined the plaintiff, had performed various tests on him, and had diagnosed and treated him. Clearly, this expert's testimony concerning the plaintiff's disability was based on facts and data perceived by him as required by Evid.R. 703.

The defendant's arguments concerning the two alleged misstatements made by the plaintiff's expert go to the issues of credibility of the expert witness and the weight to be given the evidence, and not to its admissibility. These issues are primarily for the trier of fact to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. Having found no abuse of discretion in the trial court's decision to admit the testimony of the plaintiff's expert, we overrule the defendant's first assignment of error.

The defendant's second assignment of error alleges that the trial court erred in denying its motion for a directed verdict because the plaintiff's claim for workers' compensation benefits was filed more than two years after the plaintiff was diagnosed and treated as suffering from asthma. The defendant argues that the limitations period began to run in 1974 when the plaintiff was first diagnosed with asthma, even though at that time the plaintiff had no reason to believe his asthma was occupationally related and his asthmatic condition did not impair his ability to continue working as a welder.

Our review of a ruling on a motion for a directed verdict presents a question of law. *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935. Without weighing the evidence, we must construe the evidence most strongly in favor of the non-moving party. Only if reasonable minds can come to but one conclusion, in favor of the moving party, should we hold that the defendant was entitled to a directed verdict in

this case. See *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

Here, the relevant statute, R.C. 4123.85, states in part:

"In all cases of occupational disease, * * * claims for compensation or benefits shall be forever barred unless, within two years after disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician * * * application is made to the industrial commission or the bureau of workers' compensation or to the employer in the event the employer has elected to pay compensation or benefits directly."

Although "disability" is not defined within R.C. Chapter 4123, several recent decisions of the Ohio Supreme Court have explained the term to mean the inability to work. *Grant v. Connor* (1988), 38 Ohio St.3d 75, 525 N.E.2d 1383; *White v. Mayfield* (1988), 37 Ohio St.3d 11, 523 N.E.2d 497; *State, ex rel. Preston, v. Peabody Coal Co.* (1984), 12 Ohio St.3d 72, 12 OBR 63, 465 N.E.2d 433.

As the record reveals, the plaintiff did not suffer any such disability from his asthma when he was initially diagnosed in 1974. Instead, he continued to work as a welder until October 1984. In December 1985, the plaintiff's physician, Dr. Bernstein, diagnosed his asthma as being occupationally related and the plaintiff filed his workers' compensation claim that same month.

As the Ohio Supreme Court stated in *White*, the event triggering the limitations period of R.C. 4123.85 "is the *disability* brought on by the occupational disease, not the diagnosis of the disease itself." (Emphasis *sic.* ) *White, supra*, 37 Ohio St.3d at 12, 523 N.E.2d at 499. The defendant's argument, that the plaintiff's claim should have been brought within two years of when he was first diagnosed and treated for asthma, ignores the requirement that the claimant be disabled from the disease and is, therefore, without merit.

Additionally, the *White* court explained that the "six months after diagnosis" language in the statute serves to extend the two-year limitations period in cases where a worker is disabled but is unaware that his disability is occupationally related until after the two years beyond when the "disability due to the disease began." *White, supra.* Under either analysis, the plaintiff's claim was timely filed.

Construing the evidence most strongly in favor of the plaintiff, in this case the non-moving party, reasonable minds cannot come to but one conclusion in favor of the defendant. Therefore, the defendant's motion for a directed verdict was properly denied and the second assignment of error is overruled.

■ The defendant's third and final assignment of error states that the trial court erred in finding that the plaintiff is entitled to workers' compensation benefits for his asthma. The defendant argues that the plaintiff's evidence was not sufficient to support the finding of the trial court that the plaintiff developed asthma as a result of his employment.

However, upon review of the record before us, we hold that there was competent, credible evidence to sustain the findings of the trial court. See *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426.

We, therefore, overrule the defendant's third assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.